Alice Giebel, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Sears, Roebuck & Co., Respondents.

Argued February 8, 1979, before Judges Rogers, Blatt and MacPhail, sitting as a panel of three.

*Charles E. McClafferty*, with him *Thomas F. Mc-Devitt*, for petitioner.

*Roger B. Wood*, with him *David L. Pennington, William F. Sweeney*, and *Harvey, Pennington, Herting & Renneisen, Ltd.*, for respondents.

Opinion by Judge Rogers, March 21, 1979:

Two questions are presented in this workmen's compensation case. The first is whether the claimant, Alice Giebel, ever proved that the injuries she says she suffered when she slipped and fell on December 2, 1970 were sustained in the course of her employment. The second question is that of whether the referee who denied benefits and whose decision was affirmed by the Workmen's Compensation Appeal Board, capriciously disregarded competent evidence

when he failed to find that the claimant, Alice Giebel, was disabled as the result of her injuries as she claimed.

Mrs. Giebel asserts that she was injured when she slipped and fell in a retail store operated by her employer, Sears, Roebuck & Company, in which she was shopping while on her lunch hour. The evidence is undisputed that the retail store was located within the walls of a large building occupied by Sears, Roebuck on Roosevelt Boulevard in Philadelphia. Mrs. Giebel's place of work at an engraving machine was in one part of the building and her employer's retail store, open to the public at large, was in another. It was possible for Mrs. Giebel and other employes to go from their work places to the retail store without leaving the building by using interior passageways and corridors. Mrs. Giebel was free to do as she pleased and to go where she wished during her lunch hour. The referee concluded that Mrs. Giebel had not established that she was injured in the course of her employment. We agree. Section 301(c) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411, defines, and defined at the time of Mrs. Giebel's accident, compensable injuries as "injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment." Since Mrs. Giebel while on her lunch hour was not actually engaged in the

furtherance of the business or affairs of Sears, Roebuck, we must look to the phrase ''shall include all injuries caused by the condition of the premises . . . sustained by the employe, who . . . is injured upon the premises . . . of the employer . . . , the employe's presence thereon being required by the nature of his employment.'' When Mrs. Giebel was injured at Sears, Roebuck's retail store, she was in a place where her presence was not required by the nature of her employment and her injuries are therefore not compensable. *See Fetzer v. Michrina*, 8 Pa. Commonwealth Ct. 273, 301 A.2d 924 (1973); *Del Rossi v. Pennsylvania Turnpike Commission*, 210 Pa. Superior Ct. 485, 233 A.2d 597 (1967).

Since Mrs. Giebel is disqualified because her injuries were not sustained in the course of her employment, it is not necessary to discuss her contention that the referee capriciously disregarded competent evidence in failing to find that she was disabled as a result of injuries sustained when she fell in her employer's store, beyond recording that we have read the record and are satisfied that the referee gave Mrs. Giebel's proofs all of the weight they deserved. She testified that during several years after the accident she consulted four doctors and a clinic for her symptoms. None of these doctors were called and no medical records were introduced. Her medical proofs consisted of the testimony of a doctor to whom her lawyer sent her in June 1976 and who seems to have based his causation testimony on Mrs. Giebel's statements to him, without reference to medical records. Furthermore, Mrs. Giebel testified that she worked for a number of employers including Sears, Roebuck, after December 2, 1970.

We affirm the order of the Workmen's Compensation Appeal Board.

ORDER

AND Now, this 21st day of March, 1979, the order of the Workmen's Compensation Appeal Board in the above-captioned matter dated February 9, 1978 is affirmed.