Judge WILLIAMS, JR., did not participate in the decision in this case.

William C. Harris, Petitioner *v.* Workmen's Compensation Appeal Board (Willowcrest-Bamberger Nursing Facility), Respondents.

Submitted on briefs April 12, 1985, to Judges DOYLE and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

484

*Robert B. B. Schatz, Shein & Brookman, P.A.*, for petitioner.

*Marc Myers*, for respondent, Willowcrest-Bamberger Nursing Facility.

OPINION BY JUDGE DOYLE, July 19, 1985:

William C. Harris, Claimant in this workmen's compensation case, appeals to us from the decision by the Workmen's Compensation Appeal Board (Board) affirming the referee's denial of benefits for injuries suffered by Claimant on November 8, 1976. Compensation was denied on the basis that Claimant's injury was not incurred in the course of his employment, nor on the premises of his employer.

The referee found that the Claimant was at his place of business, the Willowcrest-Bamberger Nursing Facility (Willowcrest) located on the Albert Einstein Medical Center (Medical Center) campus, before he visited a fellow worker who was a patient in the neighboring Medical Center Hospital on the same campus. The Claimant's job did not require him to set foot outside of Willowcrest building; all of the premises outside the building line were controlled and maintained by the Medical Center. Claimant's visit and injury occurred between the hours of 12:00 noon and 1:00. At approximately 12:40, Claimant was found in a semistuporous state, face down on a platform of the Medical Center's stairway.

It is undisputed that Claimant suffers from epilepsy, a condition which pre-existed and is unrelated to his employment. He had no recollection of the events of that day with the exception of working earlier in the morning. Claimant suffered cuts and bruises over his left eye and lost partial vision as a result of the accident.

On the basis of these facts, the referee concluded that the Claimant was not injured in the course of his employment and was not on his employer's premises at the time he sustained injury. Accordingly, the referee denied benefits to the Claimant. The Board upheld the referee's conclusion. It is from this decision that the Claimant appeals.

In this case our scope of review is limited to determining whether "constitutional rights were violated, an error of law was committed, or there has been a capricious disregard of competent evidence." *Killian v. Workmen's Compensation Appeal Board*, 62 Pa. Commonwealth Ct. 29, 36, 434 A.2d 906, 909 (1981); *Harrigan v. Workmen's Compensation Appeal Board*, 40 Pa. Commonwealth Ct. 390, 393, 397 A.2d 490, 492 (1979).

To be compensable, the Claimant's injury must fall within Section 301(c) of The Pennsylvania Workmen's Compensation Act (Act).[1] The Act requires that an injury to be compensable must occur in the course of employment and be related thereto. *Workmen's Compensation Appeal Board v. United States Steel Corp.*, 31 Pa. Commonwealth Ct. 329, 376 A.2d 271 (1977) *(U.S. Steel)*. We must look at the test found in *U.S. Steel* to determine if the Claimant's injury was sustained in the course of his employment. In *U.S. Steel*, this Court stated:

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411.

Injuries may be sustained in the course of employment in two distinct situations: (1) where the employee, whether on or off the employer's premises, is injured while actually engaged in the furtherance of the employer's business or affairs, or (2) where the employee although not actually engaged in the furtherance of the employer's business or affairs (a) is on the premises occupied or under the control of the employer, or upon which the employer's business or affairs are being carried on; (b) is required by the nature of his employment to be present on his employer's premises; and (c) sustains injuries caused by the condition of the premises or by operation of the employer's business or affairs thereon.

*Id.,* at 333, 376 A.2d at 273. *See Workmen's Compensation Appeal Board v. Plum Borough,* 20 Pa. Commonwealth Ct. 35, 340 A.2d 637 (1975).

Applying this test, we conclude that the referee correctly determined that the Claimant was not injured in the course of his employment. The findings of the referee, which were supported by competent evidence, indicate that Claimant was not furthering the business of his employer.[2] The referee also found that the stairway where the Claimant was injured was not occupied by or under the control of the employer, nor was it an area on which the employer was carrying on his business or affairs. The referee further found that

---

[2] The Claimant attempts to challenge this finding by the referee by attacking the credibility of the witness and by *speculating* as to how he *could* have been furthering the business of his employer. Our scope of review does not permit us to consider such factual questions; we must accept the referee's findings because he is the ultimate fact finder in this case. *Smith v. Workmen's Compensation Appeal Board,* 40 Pa. Commonwealth Ct. 117, 396 A.2d 905 (1979).

the Claimant's employment did not require him to be present on those premises.

The Claimant argues that he has satisfied the second prong of the *U.S. Steel* test because he *was* on the employer's premises at the time of the injury, citing *Fashion Hosiery Shops v. Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 465, 423 A. 2d 792 (1980) to support his position. The facts of *Fashion* make it distinguishable from the case at hand and do not present a problem to our acceptance of the referee's findings. In *Fashion,* an employee was injured when she slipped on an icy tile in front of a common entranceway which led to her employer's backdoor. Although the backdoor was not the usual means of entry, the Court allowed the employee to recover compensation because the employee *had* to use one of the common entrances to get to her employer's backdoor. In this case the Claimant was using stairs which, although common to the *campus,* did not have to be used to get to Willowcrest's entrance. It is a stairway for the convenience of the *campus* and not one necessary to gain access to any of the Willowcrest's entrances.

Furthermore, even if we could conclude that the Claimant was on the employer's premises at the time of the injury, the Claimant still has not satisfied the requirement that he be in the course of his employment. In *Giebel v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 333, 399 A.2d 152 (1979), the claimant suffered an injury when she fell in her employer's retail store in which she was shopping while on her lunch hour. In denying the claimant benefits, this Court held that because her presence in the section of the store where she fell was not required by the nature of her employment, she had therefore failed to meet the requirements of Section 301(c)

of the Act; *Giebel,* 41 Pa. Commonwealth Ct. at 335-36, 399 A.2d at 153.

Like the claimant in *Giebel,* Claimant's presence was, at the time of his injury, not required on the stairway where the injury occurred. Therefore, regardless of whether the stairway constituted premises which were occupied or controlled by Willowcrest, the requirements of part (2)(b) of the *U.S. Steel* test have not been satisfied.

Consequently, we conclude that the Board committed no error in affirming the referee. The Claimant's injury was neither on his employer's premises nor within the scope of his employment and we therefore affirm.

### ORDER

Now, July 19, 1985, the order of the Workmen's Compensation Appeal Board, No. A-81152, dated March 16, 1982, is hereby affirmed.