537 A.2d 87

Commonwealth of Pennsylvania, Department of General Services and State Workmen's Insurance Fund, Petitioners *v.* Workmen's Compensation Appeal Board (Decker), Respondents.

Argued December 17, 1987, before Judge Colins and Palladino, and Senior Judge Kalish, sitting as a panel of three.

Opinion by Senior Judge Kalish, February 8, 1988:

The Department of General Services and the State Workmen's Insurance Fund seek review of an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision granting Joby Decker's (claimant) petition for compensation and awarding her total disability benefits. We reverse.

Claimant, an employee of the State of Pennsylvania, worked at the North Office Building in Harrisburg. On October 22, 1982, at the end of claimant's work day, claimant left the North Office Building and crossed the street onto the William Penn Plaza, which leads to the Transportation Building. From there claimant was going to meet her car pool in a public parking lot on Seventh

Street. As claimant reached the Plaza, an employee leaving the Transportation Building bumped into claimant's daughter-in-law who fell onto claimant, who in turn sustained injuries.

The referee noted in his findings that the William Penn Plaza is a public area and that there is also an underground tunnel, intended for the use of employees, which connects the two buildings. The referee held and the Board affirmed that claimant was in furtherance of the employer's business at the time of the accident and therefore her injuries are compensable. We disagree.

Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704. The issue, therefore, is whether this finding that the injury occurred on the premises of the State is based on substantial evidence, in the context of workmen's compensation.

Section 301(c) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411(1), in defining an injury arising in the course of employment, includes all injuries occurring on the premises occupied by or under the control of the employer. The meaning of the word "premises" is a question of law to be determined from the facts. *Robinson v. Y.W.C.A.*, 215 Pa. Superior Ct. 19, 257 A.2d 690 (1969).

In *Epler v. North American Rockwell Corp.*, 482 Pa. 391, 393 A.2d 1163 (1978), while recognizing the various aspects of what constitutes an employer's premises in the context of workmen's compensation, the Supreme Court concluded that the crucial factor is whether the employer had caused the area to be used by the employee in the performance of an assigned task. In other

words, was there a relationship between the area where the injury occurred and the employment?

In *Giebel v. Workmen's Compensation Appeal Board and Sears, Roebuck & Co.,* 41 Pa. Commonwealth Ct. 333, 399 A.2d 152 (1979), the claimant worked in the engraving section of a store operated by Sears, Roebuck & Co., and during her lunch hour was injured while shopping in another store in the same building to which access was gained by the use of passageways and corridors. This court denied recovery stating, "When Mrs. Giebel was injured . . . she was in a place where her presence was not required *by the nature of her employment* and her injuries are therefore not compensable." *Giebel* at 336, 399 A.2d at 153 (emphasis added).

On the other hand, in *Fashion Hosiery Shops v. Workmen's Compensation Appeal Board and Matilda Kurta,* 55 Pa. Commonwealth Ct. 465, 423 A.2d 792 (1980), where the claimant had the choice of three ways as an ingress to her employer's shop and was not required to use any one of them to the exclusion of the others, we held that "[g]iven the *relational nature* of the area in question to the employer's place of business, it must be concluded that the claimant was injured on an entranceway that was available and intended for her use. . . ." *Fashion Hosiery Shops* at 474, 423 A.2d at 797 (emphasis added).

In the instant case, while the site on which claimant was injured was cared for and maintained by the State and was used in the conduct of its affairs, there was no "relational nature" between that site and the place where the claimant actually worked. It is not an area which the State caused to be used by the employee in the performance of an assigned task.

Accordingly, we reverse the order of the Board.

## ORDER

Now, February 8, 1988, the order of the Workmen's Compensation Appeal Board, No. A-89399, dated March 21, 1986, is reversed.

Judge COLINS dissents.