MORRIS PAINTING, INC., Petitioner

v.

WORKERS' COMPENSATION AP-
PEAL BOARD (PIOTROW-
SKI), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 18, 2002.
Decided Jan. 13, 2003.

Audrey J. Copeland, Newtown Square, for petitioner.

Eric L. Segal, Philadelphia, for respondent.

BEFORE: McGINLEY, Judge, and PELLEGRINI, Judge, and McCLOSKEY, Senior Judge.

OPINION BY JUDGE McGINLEY.

Morris Painting, Inc. (Employer) petitions for review from the order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of the Workers' Compensation Judge (WCJ) that denied Employer's modification petition.

Carlos Piotrowski (Claimant), an unauthorized alien, worked for Employer painting electric towers. Employer is an Ohio business that contracts throughout the United States. Claimant obtained his job with fake identification papers and a false

social security number. On August 9, 1994, Claimant fell off an electric tower and suffered a compound fracture of the L1 vertebrae and was hospitalized for eight days. The injury occurred in Honesdale, Pennsylvania. He was disabled as of August 9, 1994. Originally Claimant received workers' compensation benefits under Ohio law. After exhausting those benefits, Claimant filed a claim under the Pennsylvania Workers' Compensation Act[1] (the Act). Employer stipulated to Claimant's eligibility for benefits and Claimant received total temporary benefits in Pennsylvania. Stipulation of Facts, October 8, 1994, at 2; Reproduced Record (R.R.) at 362a. On May 14, 1998, Employer petitioned to modify benefits alleging that as of April 24, 1998, there was work available that Claimant was capable of performing.

Claimant testified that when he came to America from Brazil in 1993, on a tourist visa, he spoke only Portuguese. He stayed with friends in New Jersey and obtained a Massachusetts driver's license. Notes of Testimony, March 8, 1999, (N.T.) at 14–19; Reproduced Record (R.R.) at 150a–155a. He described how he used false identification papers and a false social security number when he applied for work. N.T. at 24; R.R. at 160a. Friends helped him find the job with Employer. As a result of his injury Claimant was unable to sit for long periods, was unable to lift heavy weights, and received physical therapy three times a week. N.T. at 9; R.R. at 197a.

Employer presented the deposition testimony of Debra L. Owens, (Ms. Owens) a vocational counselor. Ms. Owens attempted to contact Claimant by letter to request a meeting. Because he failed to respond, she resorted to data provided by the State Workmen's Insurance Fund for her initial vocational report. Deposition of Debra L. Owens, December 2, 1998, (Owens Deposition) at 8–9; R.R. at 211a–212a. Ms. Owens also relied on the report of Richard P. Whittaker, M.D. (Dr. Whittaker) who performed an independent medical evaluation. She identified three jobs suitable for Claimant: two dishwashing jobs and a job at the Newark Airport Hilton. The jobs took into account that Claimant only spoke Portuguese. Owens Deposition at 14–16; R.R. 217a–219a. Ms. Owens completed job analysis forms and sent certified letters to Claimant and Claimant's attorney about these positions. Owens Deposition at 20; R.R. at 223a. Eventually, Ms. Owens met with Claimant on February 26, 1998 to conduct the vocational interview. At that time she learned Claimant did not have a valid visa and discontinued the interview. Owens Deposition at 21–23; R.R. at 225a–226a. Ms. Owens opined that the job referrals were within Claimant's vocational abilities, his geographical area and his medical restrictions. Owens Deposition at 23; R.R. at 226a.

Employer presented the telephone deposition of Mary Hazimihalis (Ms. Hazimihalis), president of Morris Painting. Ms. Hazimihalis is Employer's administrator. Deposition of Mary Hazimihalis, February 23, 1999, (Hazimihalis Deposition) at 7; R.R. at 107a. After Ms. Hazimihalis received identification forms from Claimant that included a social security number, he was hired and she withheld federal and state payroll taxes. Ms. Hazimihalis sent W–2 forms to Claimant in 1993 and 1994. Ms. Hazimihalis had no idea Claimant was an unauthorized alien. In response to a question, she acknowledged she would not have hired him if she had known he was an unauthorized alien and if she had found out his status while he was working for

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2626.

Employer she would have fired him. Hazimihalis Deposition at 19; R.R. at 120a.

The WCJ denied Employer's modification petition and found that Employer failed to demonstrate work available to Claimant within his vocational, medical and educational abilities. WCJ's Decision, December 10, 1999, Finding of Fact No. 10 at 2; R.R. at 366a. Employer appealed and the Board affirmed.

The primary issue on appeal is whether Employer is entitled to a suspension of Claimant's disability benefits in light of our Pennsylvania Supreme Court's decision in *The Reinforced Earth Company v. Workers' Compensation Appeal Board (Astudillo)* (No. 124 MAP 2000), 810 A.2d 99 (Pa.2002)[2] which held, "when an employer seeks to suspend the workers' compensation benefits that have been granted to an employee who is an unauthorized alien, a showing of job availability by the employer is not required." *Reinforced Earth,* at 108.[3]

▪ Generally, when an employer seeks to modify benefits, the four pronged analysis under *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.),* 516 Pa.240, 532 A.2d 374 (1987), requires:

(1) The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all his ability must produce medical evidence of a change in condition.

(2) The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, e.g. light work, sedentary work, etc;

(3) The claimant must demonstrate that he has in good faith followed through on the job referral(s).

(4) If the referral fails to result in a job the claimant's benefits should continue.

*Kachinski,* 516 Pa. at 252, 532 A.2d at 380.

In *Reinforced Earth,* Juan Carlos S. Astudillo (Astudillo), an unauthorized alien was injured during the course of his employment; the Workers' Compensation Judge granted total disability benefits and the Board affirmed. Reinforced Earth Company (the Company) appealed to this Court and contended that an unauthorized alien is not entitled to benefits due to his alien status. *The Reinforced Earth Co. v. Workers'Compensation Appeal Board (Astudillo),* 749 A.2d 1036, 1037 (Pa.Cmwlth.), *appeal granted,* 564 Pa. 720, 764 A.2d 1074 (2000). The Company argued that the public policy exception applied in *Graves v. Workmen's Compensation Appeal Board (Newman),* 668 A.2d 606 (Pa.Cmwlth. 1995), where we held an escaped prisoner was not entitled to workers' compensation benefits, should be extended to unauthorized aliens. *Reinforced Earth,* 749 A.2d at 1038. This Court declined to do so. "It would not serve 'public policy' to deny workers' compensation benefits to an illegal alien merely because of their immigration status because all that would do is reward an employer who failed to properly ascertain an employee's immigration status

---

**2.** This Court has rephrased Employer's issue contained in his Statement of Questions Involved because Employer did not have the benefit of our Pennsylvania Supreme Court's decision in *Reinforced Earth* at the time the brief was filed.

**3.** Our review is limited to a determination of whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence, or whether constitutional rights were violated. *Vinglinsky v. Workmen's Compensation Appeal Board (Penn Installation),* 139 Pa.Cmwlth.15, 589 A.2d 291 (1991).

at the time of hire." *Reinforced Earth*, 749 A.2d at 1039.

Next, the Company argued that Astudillo's benefits should be suspended immediately because his unauthorized alien status meant he was unavailable for any suitable employment and the cause of Astudillo's disability was his unauthorized alien status.

This Court found as follows:

In this case, to suspend or modify benefits Employer must establish Claimant's earning power by establishing that he can perform other work. Actual job referrals would not have to be made to determine the extent of Claimant's earning power because requiring Claimant to go to interviews would be useless because he would be unable to accept any position as it would be illegal for him to work. Rather, as Claimant himself suggests, all that needs to be shown is evidence of earning power similar to Act 57. However, because no evidence was presented by Employer to establish the type of position Claimant could perform, Employer is not entitled to suspension or modification of Claimant's workers' compensation benefits. (footnote omitted).

*Reinforced Earth*, 749 A.2d at 1040.

Our Pennsylvania Supreme Court granted allocatur and on review held:

As we have observed, the Act is the legislature's 'definitive pronouncement of the law governing remedies for work related injuries …' *Shick* [*v. Shirey*, 552 Pa. 590,] 716 A.2d [1231] at 1237. In the Act the legislature has enacted a comprehensive statutory scheme which carefully balances the respective rights of employees and employers, and provides the relief that a worker will receive when he is injured on the job. Thus, consistent with our long-held view,

we will not, in the face of the Act, consider announcing public policy with respect to the receipt of workers' compensation benefits by unauthorized aliens. To do otherwise would be an exercise in judicial legislation, which we will not undertake. Accordingly, there is no basis for granting the relief that Reinforced Earth [the Company] seeks on the first issue.

*Reinforced Earth*, at 105.

Next, with respect to the Company's contention that it was entitled to a suspension of benefits without meeting the evidentiary test set forth in *Kachinski*, our Supreme Court reasoned that its decisions show that "both the facts and basis upon which the modification of benefits is sought determine which prong or prongs of Kachinski need not be met." *Id.* at 107.

There is no dispute that Claimant as an unauthorized alien cannot apply for or accept lawful employment. We, therefore, agree with Reinforced Earth [the Company] that Claimant's loss of earning power is caused by his immigration status, not his work-related injury, and that there would be no point in requiring Reinforced Earth [the Company] to show for purposes of suspension that jobs were referred to or are available to Claimant. Consequently, we conclude that Reinforced Earth [the Company] does not need to satisfy Kachinski's job availability prong in order to prove its entitlement to a suspension of Claimant's benefits, and that the Commonwealth Court erred in imposing upon Reinforced Earth [the Company] a requirement in this regard. In light of the foregoing, we hold that when an employer seeks to suspend the workers' compensation benefits that have been granted to an employee who is an unau-

thorized alien, a showing of job availability by the employer is not required. *Reinforced Earth,* at 107.[4]

■ With respect to disability benefits, Employer established that Claimant was an unauthorized alien and Claimant's loss of earning power was caused by his immigration status not his work injury. Based upon the holding in *Reinforced Earth,* because unauthorized aliens may not legally work, an employer is not required to show job availability in order to suspend benefits.

■ Further, in *Reinforced Earth,* our Pennsylvania Supreme Court implicitly distinguished between wage benefits and medical benefits. The Supreme Court determined that Astudillo was not entitled to wage benefits as an unauthorized alien. However, the Supreme Court did not suspend Astudillo's medical benefits based on his unauthorized alien status and stated:

> [W]e cannot further consider whether Reinforced Earth [the Company] is entitled to the suspension it requests. Although the parties, as well as the Board and the Commonwealth Court fail to mention it, the WCJ did not address Reinforced Earth's [the Company] contention that Claimant's benefits must be suspended. We have no way of knowing, and therefore, no way of evaluating on review the basis for the WCJ's refusal to grant Reinforced Earth [the Company] a suspension. Simply stated, without an adjudication of record on the matter by the WCJ, meaningful appellate review is impossible. Accordingly, this case must be remanded to the WCJ for a determination on Reinforced Earth's [the Company] request that

Claimant's benefits be suspended and for a reasoned decision on the issue as 77 P.S. § 834 mandates.

*Reinforced Earth,* at 108–09.

Here, Claimant testified that he received physical therapy three times a week as a result of his work-related injury. Employer presented the report of Dr. Whittaker, a board-certified orthopedic surgeon. Based on an independent medical evaluation on November 21, 1997, Dr. Whittaker found Claimant reached a "point of maximum medical improvement and requires no further active care." Report of Richard P. Whittaker, November 25, 1997, (Dr. Whittaker Report) at 2; R.R. at 250a. There has been no adjudication of record on this issue.

Accordingly, this Court reverses the denial of the modification petition in part and suspends Claimant's wage benefits. This Court vacates the denial of the modification petition as to Claimant's medical benefits and remands to the Board to remand to the WCJ for an adjudication of record on this matter.

## O R D E R

AND NOW, this 13th day of January, 2002, the order of the Workers' Compensation Appeal Board in the above-captioned matter is reversed in part. This Court reverses the denial of the modification petition regarding Carlos Piotrowski's disability benefits and those benefits are suspended. The order is vacated in part and this case is remanded to the Workers' Compensation Appeal Board to remand to the Workers' Compensation Judge for a determination of whether Carlos Piotrow-

---

4. The Pennsylvania Supreme Court specifically did not address whether this Court's "modification of Kachinski's job availability prong along the lines of Act 57 to accommodate the facts was valid in the first place." *Reinforced Earth,* at 108, n. 11.

ski should continue to receive medical benefits.

Jurisdiction relinquished.