**Frank WRIGHT, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (LARPAT MUFFLER, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 30, 2004.

Decided March 1, 2005.

Reargument Denied April 29, 2005.

Daniel K. Bricmont, Pittsburgh, for petitioner.

Patrick J. Shannon, Murrysville, for respondent.

BEFORE: COLINS, President Judge, and SMITH–RIBNER, Judge, and JIULIANTE, Senior Judge.

OPINION BY Senior Judge JIULIANTE.

Frank Wright (Claimant) petitions for review of the June 30, 2004 order of the Workers' Compensation Appeal Board (Board) that affirmed the order of the Workers' Compensation Judge (WCJ) denying Claimant's claim petition on the ground that his injuries did not occur while he was in the course of his employment with Larpat Muffler, Inc. (Employer). Claimant contends that the Board erred in affirming the WCJ's order because at the time of his injuries, he was required to be on Employer's premises. We affirm.

Claimant was employed by Employer as a mechanic. Employer's place of business is located alongside Route 51, a five-lane highway. Because Employer's front, back and side parking lots were under construction, Claimant was instructed to park across Route 51 in the Kmart parking lot. Claimant began working for Employer on March 28, 1998 and was injured on April 7,

1998. During that entire period, Claimant parked in the Kmart lot.

On April 7, 1998, Claimant had already crossed Route 51 and punched in at work. At approximately 7:45 a.m., he decided to retrieve some auto parts for his personal vehicle that he wished to exchange. While crossing Route 51 to get to his car, Claimant was struck by an automobile and he sustained injuries to his left leg, back and neck. Although there was a crosswalk at an intersection approximately 75 feet from Employer's business which had a walk sign and a button for pedestrians to push, Claimant crossed the road outside of the crosswalk. Employer's other employees usually crossed Route 51 in the area where Claimant was struck.

On May 20, 1998, Claimant filed a claim petition alleging that his injuries were work-related. Employer filed an answer denying Claimant's material allegations. Claimant and Larry Cessina, Employer's owner and president, testified before the WCJ. On May 14, 1999, the WCJ circulated a decision denying Claimant's petition on the ground that he failed to establish that he was in the course of his employment because he was pursuing his personal affairs at the time of the accident. In particular, the WCJ found that Claimant was on a personal mission, i.e., to retrieve auto parts for his personal automobile that he wanted to exchange.

On appeal, the Board vacated and remanded on the ground that although Claimant was not in the furtherance of Employer's affairs at the time that he was injured, issues remained as to whether Claimant was on Employer's premises when he was injured, whether he was required to be there by the nature of his employment and whether the condition of Employer's premises caused the injuries. Citing *Dana Corp. v. Workmen's Compensation Appeal Board (Gearhart)*, 120 Pa. Cmwlth.277, 548 A.2d 669 (1988), the Board noted that a street may be a condition of the premises sufficient to warrant entitlement to compensation. In *Dana Corp.*, this Court, in reviewing case law, noted that an employee's death may be compensable if he is struck and killed while crossing a public street to get to the employer's parking lot.

On remand, the WCJ determined that Route 51 could be considered part of Employer's premises inasmuch as it was necessary to cross the road in order to go from Employer's shop to the parking lot where the employees were advised to park. The WCJ, however, found that at the time he was injured he was on personal business and not in furtherance of Employer's affairs. The WCJ further determined that Claimant was not required by the nature of his employment to be crossing Route 51 at the time that he was injured. In addition, the WCJ concluded that Claimant was jaywalking when he was struck and was thus barred from receiving benefits under Section 301(a) of the Workers' Compensation Act (Act)[1] because his injuries resulted from a direct violation of law.

On appeal, the Board affirmed the WCJ's decision on the basis that Claimant failed to establish that he was required by the nature of his employment to be crossing Route 51 at the time that he was injured.[2] The Board noted that Claimant

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 431.

2. The Board, however, rejected the WCJ's conclusion that Claimant's claim must be barred because he was jaywalking in violation of the law. The Board noted that there was no evidence that Claimant was convicted of jaywalking or that such an offense was a necessary element of a misdemeanor or felony. *See Burger King v. Workmen's Compensation Appeal Board (Boyd)*, 134 Pa.Cmwlth.547, 579 A.2d 1013 (1990) (a summary offense by

was injured while crossing the highway for a purely personal reason and that at the time that he was struck, Claimant was supposed to be working in Employer's shop.

Claimant's petition for review followed. On review, we are limited to determining whether the necessary findings of fact are supported by substantial evidence, whether errors of law were made, or whether constitutional rights were violated. *Morris Painting, Inc. v. Workers' Compensation Appeal Board (Piotrowski)*, 814 A.2d 879 (Pa.Cmwlth.2003).

Claimant contends that the Board and WCJ erred in determining that he was not in the course of his employment at the time of the accident where the facts show that he was on Employer's premises and that his presence there was required by his employment in that he had arrived a few minutes prior to the start of his usual shift.

In *Montgomery Hosp. v. Workers' Compensation Appeal Board (Armstrong)*, 793 A.2d 182, 187 (Pa.Cmwlth.2002), we noted "that an employee's injury is compensable under Section 301(c)(1) of the [Act], 77 P.S. § 411(1), if the injury (1) arises in the course of employment and (2) is causally related thereto." In *Montgomery Hosp.* we recognized that

> [a]n injury may be sustained "in the course of employment" under Section 301(c)(1) of the Act in two distinct situations: (1) where the employee is injured on or off the employer's premises, while actually engaged in the furtherance of the employer's business or affairs; or (2) where the employee, although not actually engaged in the furtherance of the employer's business or affairs, (a) is on the premises occupied or under control of the employer, or upon which the em-

ployer's business or affairs are being carried on, (b) is required by the nature of his employment to be present on the employer's premises, and (c) sustains injuries caused by the condition of the premises or by operation of the employer's business or affairs thereon.

*Id.*

Claimant asserts that the term "course of employment" has been interpreted by Pennsylvania appellate courts to include injuries sustained while crossing a public road to or from an employer's parking lot even where the injury occurred immediately prior to or following the work shift. In support of his position, Claimant primarily relies on *Epler v. N. Am. Rockwell Corp.*, 482 Pa. 391, 393 A.2d 1163 (1978), *Thomas Jefferson Univ. Hosp. v. Workmen's Compensation Appeal Board (Cattalo)*, 144 Pa. Cmwlth.302, 601 A.2d 476 (1991) and *PPG Indus., Inc. v. Workmen's Compensation Appeal Board (Uleski)*, 116 Pa.Cmwlth. 597, 542 A.2d 621 (1988).

In *Epler*, the decedent had finished his usual shift and had left the employer's premises and was crossing a street to get to the parking lot where he was instructed to park when he was struck and killed by one or two automobiles. The Supreme Court held that the decedent's death was compensable in that the decedent was in the area where the accident occurred because of his employment. The Court noted in *Epler* that although the employer did not have title to or control over the area, it caused the area to be used by its employees in the performance of their assigned tasks.

In *Cattalo*, the claimant was injured at 8:15 a.m., approximately 15 minutes prior to the time that she was required to sign in, when she fell down a flight of stairs

itself is not considered a violation of law for purposes of Section 301(a) of the Act).

while walking between two buildings. This Court determined that 15 minutes before the start of her shift was a reasonable amount of time to be on the employer's premises and that the claimant was where she was required to be in order to obtain parking tokens to park in the employer's parking lot. As a result, we affirmed the decision that the claimant's injury was compensable.

In *Uleski,* the claimant had finished his shift and picked up his car in the employer's parking lot. All employees leaving the parking lot had to cross a set of railroad tracks. The claimant was attempting to cross the tracks when his car was struck by an oncoming train. As a result, the claimant was severely injured. On appeal, we concluded that because the only means of entering and leaving the employer's parking lot was over the railroad tracks, the tracks were essentially a part of the employer's premises. Hence, we affirmed the decision that the claimant's injuries were compensable.

In response to Claimant's argument, Employer contends that the facts in the present case are more similar to those in *Giebel v. Workmen's Compensation Appeal Board (Sears, Roebuck & Co.),* 41 Pa.Cmwlth.333, 399 A.2d 152 (1979), where the claimant, an employee at a Sears retail store, slipped and fell in the store while shopping on her lunch hour. In *Giebel,* this Court determined that although the claimant was injured upon the employer's premises, "she was in a place where her presence was not required by the nature of her employment and her injuries are therefore not compensable." *Id.* at 153.

In the present case, the WCJ further found that Claimant was instructed by Employer to park in the Kmart lot and cross Route 51 to get to Employer's shop. The WCJ, however, found that at the time he was injured, Claimant was on a mission personal to himself. Specifically, the WCJ found that

[o]n April 7, 1998, [Claimant] reported to work, was punched in, and changed into his uniform. A short time later, [Claimant] left [Employer's] shop, and proceeded to cross Route 51 which runs outside [Employer's] place of business. The purpose of this trip was to go to his car which was parked at a parking lot across the highway, and retrieve automobile parts. [Claimant] had purchased these parts through a distributor which gives discounts to [Employer's] workers, and [they] were meant for use on his personal automobile. When [Claimant] had attempted to install these parts, he realized that they were the wrong parts, and had to be exchanged. That is what he was doing on April 7, 1998, when he was crossing the highway towards his car.

WCJ's May 14, 1999 Decision at 3; Claimant's Brief, Appendix A–3.

On remand, the WCJ found that Route 51 could be considered part of Employer's premises under these specific circumstances inasmuch as Claimant and Employer's other employees needed to cross it to get to Employer's shop from the Kmart parking lot and vice versa. Nevertheless, the WCJ found that "as of the date and time that [Claimant] was struck by the automobile, the nature of his employment did not require him to be on Route 51, or in the parking lot." WCJ's July 30, 2002 Decision at 4; Claimant's Brief, Appendix A–21.

In affirming, the Board cited *Kmart Corp. v. Workers' Compensation Appeal Board (Fitzsimmons),* 561 Pa. 111, 748 A.2d 660 (2000), where the claimant, an employee on her lunch hour at a public restaurant located on the employer's premises, intervened in an attack on a coworker who was stabbed by her husband.

Following the incident, the claimant began having nightmares and alleged that she sustained a work-related mental injury as a result of the incident. The Supreme Court determined that the claimant was not required by the nature of her employment to either come to the aid of her co-employee or to be at that location at the time of the incident. As a result, the Court found that the claimant was not in the course of her employment when injured.

As the WCJ in the case *sub judice* found, Route 51 may be considered to be part of Employer's premises at specific times inasmuch as Employer's employees must cross it while going from the Kmart parking lot to Employer's shop and back again. Here, however, Claimant had crossed Route 51 to Employer's shop and had punched in for work. Therefore, we do not believe that this case is a "coming from or going to work" case; hence, Claimant's reliance on *Epler, Cattalo* and *Uleski* is misplaced.

Rather, we believe that the rationale in *Kmart* and *Giebel* is more applicable to the present case in that Claimant, after clocking in for work, decided to retrieve some auto parts for his personal vehicle in order to exchange them. As such, we conclude that Claimant was neither required by the nature of his employment to be crossing Route 51 at the time of the accident nor was he in the furtherance of Employer's affairs in doing so. *Kmart, Giebel.* Consequently, we further conclude that the WCJ did not err in determining that Claimant was not in the course of his employment at the time he was injured.

In view of the foregoing, we affirm the order of the Board.

### ORDER

AND NOW, this 1st day of March, 2005, the June 30, 2004 order of the Workers' Compensation Appeal Board is hereby AFFIRMED.