**Carolyn MORRIS, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (WALMART STORES, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 17, 2005.

Decided July 27, 2005.

Robert Land, Philadelphia, for petitioner.

Marta J. Guhl, Philadelphia, for respondent.

BEFORE: SMITH–RIBNER, J., PELLEGRINI, J., and COHN JUBELIRER, J.

OPINION BY Judge COHN JUBELIRER.

Carolyn Morris (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) affirming the decision of a Workers' Compensation Judge (WCJ) to deny Claimant's claim petition.

The parties stipulated to the facts in this case.[1] Claimant was employed at Walmart Stores, Inc., No. 2068, in Fairless Hills, Pennsylvania (Employer). On the date of her injury, August 10, 1998, Claimant's shift was to begin between 5:00 p.m. and 6:00 p.m. In the early afternoon on August 10th, Claimant and her two daughters walked from their nearby apartment to Employer's store to purchase school supplies, using Claimant's employee discount to do so. It was Claimant's intention that, after the shopping was completed, her daughters would return home and she would stay at Employer's premises to begin her shift, using the employee area to put on her employee apron. While walking in the "big aisle" of the store, Claimant slipped and fell, injuring her right knee.[2] The record does not indicate at precisely what time Claimant fell.

Claimant filed her claim petition and the parties agreed to bifurcate the issues of compensability and disability and first seek a decision as to whether Claimant was within the course and scope of her employment when she fell.

Accepting the stipulated findings, the WCJ concluded that Claimant had not yet begun her shift when she fell and that even though her shift was to begin after her shopping was completed, the fall was not close enough to the beginning of her shift to "demonstrate a work-related injury." (WCJ Finding of Fact (FOF) 2.) The WCJ also concluded that, although Claimant was using her employee discount when she fell, that fact did not mean that she was performing a task sponsored, directed or controlled by Employer. (WCJ FOF 3.) Additionally, the WCJ determined that Claimant was not doing anything to further Employer's business at the time she fell. (WCJ FOF 4.) Therefore, he concluded that her injury did not occur during the course and scope of her employment. (WCJ FOF 5.) Thus, he denied her claim petition. On appeal, the Board affirmed and Claimant then appealed to this Court.[3]

---

1. The stipulation was entered after a Board order vacated the WCJ's decision to dismiss the case for failure to prosecute and remanded the matter for additional proceedings.

2. In the area where she fell, there were warning cones evidencing a slippery condition on the floor. The parties agreed that the slippery condition existed through no fault of Employer.

3. Our standard of review is limited to determining whether constitutional rights have been violated, an error of law has occurred, rules of administrative procedure have been violated, or a finding of fact necessary to support the adjudication is not supported by substantial evidence. *Kmart Corp. v. Workers' Comp. Appeal Bd. (Fitzsimmons)*, 561 Pa. 111, 748 A.2d 660 (2000).

■ On appeal here, Claimant asserts that she was within the course and scope of her employment at the time of the injury and, thus, it is compensable.

■ In a claim petition proceeding, the claimant bears the burden of proving that she suffered an injury *while in the course of her employment* and that she remains disabled due to that injury. *Bonegre v. Workers' Comp. Appeal Bd. (Bertolini's)*, 863 A.2d 68 (2004). An injury falls within the scope of employment under two possible situations. The first is where the employee, while injured, is actually engaged in furtherance of the employer's business or affairs. *Wright v. Workers' Comp. Appeal Bd. (Larpat Muffler, Inc.)*, 871 A.2d 281, 284 (Pa.Cmwlth.2005). Alternatively, an employee who is not actually engaged in the furtherance of her employer's business or affairs is eligible for workers' compensation benefits if: (1) she is on premises "occupied or under the control of the employer, or upon which the employer's business or affairs are being carried on"; (2) she is required by the nature of her employment to be on the premises; and, (3) she sustains injuries "caused by the condition of the premises or by operation of the employer's business or affairs thereon." *Id.* (quoting *Montgomery Hosp. v. Workers' Comp. Appeal Bd. (Armstrong)*, 793 A.2d 182, 187 (Pa. Cmwlth.2002)).

Claimant argues first that she was actually engaged in the furtherance of the employer's affairs when she was injured. She relies on *Hoffman v. Workers' Comp.*

*Appeal Bd. (Westmoreland Hosp.)*, 559 Pa. 655, 741 A.2d 1286 (1999).[4] There, an employee was injured when she stopped at her employer's premises on her day off to pick up her paycheck. This method of collecting pay was one of three alternatives specifically approved by the employer. The Supreme Court, in concluding that the employee was acting within the course and scope of her employment, explained that receipt of wages is a "fundamental aspect of the employment relationship" and a "necessary affair" of the employer. *Id.* at 659–660, 741 A.2d at 1288.

Claimant asserts that her employee discount was also a fundamental aspect of her employment. We disagree. Payment of salary is a legal obligation on the part of an employer. Providing an employee discount is not; rather, a discount is only a perquisite of employment. Therefore, an injury sustained by an employee collecting wages under an employer-designated method is distinguishable from an injury incurred by an employee who is using an employee discount while shopping during her non-work hours. We conclude that Claimant, while shopping, was not functioning as an employee who was furthering Employer's business; rather, she was only a member of the general public. *Accord Riccio v. Workmen's Comp. Appeal Bd. (Bi–Comp, Inc.)*, 76 Pa.Cmwlth.573, 464 A.2d 669 (1983) (determining that a claimant injured on the sidewalk in front of the employer's premises fifteen minutes before the start of her scheduled shift was a member of the general public and not on a

---

**4.** Claimant argues in her brief that it is unclear under which of the two alternative situations (for determining whether an employee is in the course and scope of employment) the *Hoffman* Court decided this case. We conclude that it was decided under the criteria to be applied when it is asserted that the employee is engaged in furtherance of the employer's business or affairs. Justice Saylor stated, "we find that … an employee's presence at the work-place to obtain a paycheck pursuant to an employer-approved practice bears a sufficient relationship to a *necessary affair* of the employer (payment of due wages) to fall within the course of employment…." *Id.* at 660, 741 A.2d at 1288 (emphasis added).

mission related to her employment). Additionally, the assertion that Claimant's use of this benefit may "enhance the work force," as she argues, is too attenuated a reason to find that she was acting within the course and scope of her employment.

Claimant next argues that, even if she was not acting in furtherance of Employer's affairs, her injury is still compensable. She relies on *Thomas Jefferson Univ. Hosp. v. Workmen's Comp. Appeal Bd. (Cattalo),* 144 Pa.Cmwlth.302, 601 A.2d 476 (1991). There, on the day of her injury, fifteen minutes before the start of her shift, the employee was in a hospital building owned by her employer and was seeking to purchase employer-offered discount parking tokens. The employer required that employees purchase the tokens on their own time. The building where tokens were available for purchase was not the one in which the claimant worked, but was a half-block away. Both the time and location for the token purchases were established by the employer. We held there that the claimant's injury was compensable because: 1) she was buying tokens offered by her employer; 2) the tokens were sold on hospital property by people "who seemed" to work for the hospital; and, 3) the claimant's presence at the employer-selected site was required in order to obtain the tokens and they had to be purchased on her own time.[5]

Claimant, asserting that her facts are even more compelling than those in *Thomas Jefferson,* notes that she was actually on the work premises when she was injured. We do not believe, however, that the analysis in *Thomas Jefferson* applies here. Employer established neither the time nor the location for Claimant's use of her employee discount; she could shop at any open Walmart store.[6] In addition, while the employee in *Thomas Jefferson* needed to park in order to report to work, that is not true of a personal shopping expedition, where the shopper can shop at any location or any store, not just at her work site. In fact, nothing relative to her work *required* Claimant to shop only at an Employer-owned store or to use her employee discount at all. Thus, Employer did not direct her to be present at store No. 2068.

We agree with Employer that *Giebel v. Workmen's Comp. Appeal Bd. (Sears, Roebuck & Co.),* 41 Pa.Cmwlth.333, 399 A.2d 152 (1979), is factually closer to the case at bar. In *Giebel,* an employee slipped and fell while shopping on the employer's premises during her lunch break. We concluded that she was not in the course and scope of her employment when she sustained her injury because she was not engaged in the furtherance of her employer's affairs and was not required to be on the employer's premises at the time she was injured. If personal shopping on an employer's premises during a lunch break is not regarded as being within the course and scope of employment, then logically, personal shopping long prior to the start of one's shift cannot be either.

Accordingly, based on the foregoing discussion, we affirm the Board's order.

### ORDER

**NOW,** July 27, 2005, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.

---

5. The Court also observed that by selecting the location for the sale of tokens, the employer encouraged the claimant's presence at that specific location.

6. While this is not a stipulated fact, it appears to be uncontested.