IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brandon Bonanno,                    :
                    Petitioner     :
                                    :
        v.                          :    No. 1266 C.D. 2024
                                    :
Rosebud Mining Company             :    Submitted: June 3, 2025
(Workers' Compensation Appeal      :
Board),                            :
                    Respondent     :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE LORI A. DUMAS, Judge

**_OPINION NOT REPORTED_**

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                      FILED: July 22, 2025

Brandon Bonanno (Claimant) petitions for review of the September 10, 2024 order of the Workers' Compensation (WC) Appeal Board (Board), which affirmed the WC Judge's (WCJ) decision granting the modification petition (Modification Petition) filed by Rosebud Mining Company (Employer). In the Modification Petition, Employer sought to modify Claimant's disability status from total to partial disability based on the results of Claimant's impairment rating evaluation (IRE) conducted pursuant to Section 306(a.3)(1) of the WC Act.[1] After careful review, we must affirm.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710. Section 306(a.3)(1) of the Act, added by the Act of October 24, 2018, P.L. 714, provides that once a claimant receives 104 weeks of total disability benefits, the insurer or employer may require him to participate in an IRE to assess the degree of impairment attributable to his compensable injury pursuant to the American Medical Association "Guides to the Evaluation of Permanent Impairment," Sixth Edition (second printing April 2009) (AMA Guides). 77 P.S. § 511.3(1).

## Background

The relevant facts and procedural history of this case are as follows. On March 17, 2016, while Claimant was working for Employer as an underground coal miner, a piece of equipment struck him in the back, pinning him to the floor. Employer issued a Notice of Temporary Compensation Payable on March 28, 2016, which converted to a Notice of Compensation Payable describing Claimant's injury as a right hip fracture, and Employer paid him total disability payments. The parties subsequently executed various supplemental agreements documenting Claimant's periods of total, partial, and no disability. In June of 2019, the parties by agreement expanded the work injury to include anxiety. Claimant filed a review petition, and on December 13, 2019, WCJ Robert Vonada (WCJ Vonada) further expanded the description of Claimant's injury to include post-traumatic stress disorder (PTSD).

On December 29, 2022, Employer filed a Modification Petition seeking to change Claimant's disability status to partial based upon an IRE conducted by Michael Wolk, M.D. (Dr. Wolk), which assigned Claimant a whole-person impairment rating of 12 percent. At his April 6, 2023 deposition, Dr. Wolk testified that he is Board certified in physical medicine and rehabilitation, spinal cord injury medicine, and independent medical examinations (IMEs). Dr. Wolk further testified that he is certified to perform IREs in Pennsylvania using the AMA Guides and was designated by the Department of Labor and Industry, Bureau of WC, to be the IRE physician in this case. (Notes of Testimony (N.T.), 4/06/23, at 5, 11.) Dr. Wolk indicated that he practices medicine for at least 20 hours per week, spends the majority of his time on patient care, and focuses his practice on inpatient and outpatient rehabilitation, treating patients who have impairments that would result in a disability or handicap. (N.T., at

2

8-10.) Counsel for Claimant did not object to Dr. Wolk's competency to testify during *voir dire*, and the following exchange took place between counsel:

> [Counsel for Employer]: I will now offer Dr. Wolk's CV with the accompanying Certificate and Recertification Letter as Dr. Wolk Deposition Exhibit A.
>
> [Counsel for Claimant]: **No objection**.

(*Id.* at 6 ) (emphasis added).

Dr. Wolk testified that he performed an IRE of Claimant on August 19, 2022, during which he obtained a medical history from Claimant, reviewed his medical records, made a whole-person impairment rating calculation, and prepared a report. After conducting the examination and considering Claimant's history and medical records, Dr. Wolk assigned Claimant a 7 percent whole-person impairment rating. (N.T., at 15.)

Dr. Wolk relayed that he performed a second IRE of Claimant on December 9, 2022, in order to consider his psychological conditions of anxiety, depression, and PTSD. (N.T., at 20.) At that time, Claimant was attending therapy sessions with a psychologist for treatment of his PTSD. Dr. Wolk testified that he reviewed Claimant's medical records and WCJ Vonada's December 2019 decision regarding Claimant's diagnoses. Dr. Wolk explained that Chapter 14 of the AMA Guides is used to establish the impairment rating for psychological conditions and that using the three required scales, he calculated a whole-person impairment rating of 5 percent. (N.T., at 22-23, 25.) Dr. Wolk then combined the 5 percent psychiatric impairment rating with the 7 percent rating for Claimant's physical injury to arrive at the whole-person impairment rating of 12 percent. (N.T., at 24.) At the conclusion of Dr. Wolk's direct testimony, the following exchange took place between counsel:

[Counsel for Employer]: I will now offer Dr. Wolk's report dated December 9th, 2022 as Exhibit C.

[Counsel for Claimant]: **No objection**.

(*Id.* at 24) (emphasis added).

On cross-examination, Dr. Wolk testified that he rated Claimant for anxiety, depression, and PTSD, which are within Chapter 14 of the AMA Guides, and that he came to these diagnoses by considering "what [Claimant] had told [him] plus what was identified within the medical records." (N.T., at 25.) **Claimant did not testify or submit any evidence in opposition to the Modification Petition**.

By Decision and Order circulated November 7, 2023, WCJ Steven Minnich (WCJ Minnich) granted Employer's Modification Petition and changed Claimant's disability status to partial disability, effective December 9, 2022, based on the whole-person impairment rating of less than 35 percent. Claimant appealed to the Board, which affirmed the decision and order of the WCJ. This petition for review followed.[2]

## Discussion

Claimant challenges Dr. Wolk's legal competency to establish Claimant's impairment rating of less than 35 percent and specifically takes issue with Dr. Wolk's ability to perform the psychiatric portion of the evaluation because Dr. Wolk has not been trained in psychiatry or psychology. According to Claimant, Dr. Wolk was not qualified to perform the IRE pursuant to Chapter 14 of the AMA Guides, as he did not reach his diagnosis of Claimant's condition based on the criteria set forth in Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition, Test

---

[2] Our standard of review is "limited to determining whether the necessary findings of fact are supported by substantial evidence, whether errors of law were made, or whether constitutional rights were violated." *Wright v. Workers' Compensation Appeal Board (Larpat Muffler, Inc.)*, 871 A.2d 281, 284 (Pa. Cmwlth. 2005).

4

Revision ("DSM-IV-TR"), as required by Chapter 14 of the AMA Guides. (Claimant's Br. at 9, 11-12.) Citing Chapter 14.1 of the AMA Guides, which sets forth the "Principles of Assessment," Claimant argues that Employer offered no evidence that Dr. Wolk has "expertise in the utilization of the [DSM-IV-TR]," "the psychiatric and psychological evaluation of patients," or "the diagnosis and treatment of mental and behavioral disorders." *Id.* at 11. He contends that Dr. Wolk's testimony suggests that his current practice is limited to treating patients who have a wide variety of different physical problems, and his board certification is in physical medicine and rehabilitation. Further, Claimant argues that Dr. Wolk offered no testimony that any part of his practice touches on the treatment of individuals with psychiatric, psychological, mental, or behavioral disorders. Accordingly, Claimant contends, Dr. Wolk was not qualified to perform an IRE pursuant to Chapter 14 of the AMA Guides.

In response, and central to our disposition, Employer emphasizes the fact that although Claimant's counsel cross-examined Dr. Wolk as to his qualifications during *voir dire*, "counsel did not object on the record to Dr. Wolk's qualifications nor did Claimant submit a preservation of objection to Dr. Wolk's qualifications after the deposition." (Employer's Br. at 8.) Not only did Claimant neglect to object, Employer maintains, he also failed to present any evidence whatsoever to rebut Dr. Wolk's application of the AMA Guides or calculation of his whole-person impairment rating. Employer maintains, in the alternative, that notwithstanding Claimant's patent waiver of this issue, Dr. Wolk's report and testimony clearly demonstrated a command of the pertinent provisions of the AMA Guides to support his calculations and that he met the statutory standard to conduct the IRE, as he is licensed to practice medicine in Pennsylvania, is Board certified in physical medicine, and is active in clinical practice

for at least 20 hours per week.[3]  Employer also points out that Dr. Wolk, in conducting his evaluation, considered each of Claimant's already-accepted work injuries, as diagnosed by his treating physicians.

As a threshold matter, we address Employer's waiver argument and the impact of Claimant's failure to object to Dr. Wolk's qualifications or his competency to testify during his deposition.  It is axiomatic that "an issue is waived unless it is preserved at every stage of the proceeding."  *Dennis v. Inglis House (Workers' Compensation Appeal Board)*, 303 A.3d 559, 566 (Pa. Cmwlth. 2023).  This Court has held that

> **[t]he strict doctrine of waiver applies to a workers' compensation proceeding**. The purpose of the waiver doctrine is to ensure that the WCJ is presented with all cognizable issues so that the integrity, efficiency, and orderly administration of the [WC] scheme of redress for work-related injury is preserved.

*Marriott Corp. v. Workers' Compensation Appeal Board (Knechtel)*, 837 A.2d 623, 630 (Pa. Cmwlth. 2003) (emphasis added).

Additionally, 34 Pa. Code § 131.66(b) governs the admissibility of oral depositions and provides as follows:

> (b) **Objections shall be made and the basis for the objections stated at the time of the taking of the depositions**. Only objections which are identified in a separate writing, introduced prior to the close of the evidentiary record, . . . and stating the specific nature of the objections and the pages where they appear in the deposition

---

[3] *See* 77 P.S. § 511.3(1) (setting forth statutory standard to conduct IMEs and requiring that the physician evaluator be licensed to practice in Pennsylvania, certified by an American Board of Medical Specialties-approved board or its osteopathic equivalent, and active in clinical practice for at least 20 hours per week).

or the exhibits to which they refer will be preserved for ruling. **Objections not so preserved are waived**.

34 Pa. Code § 131.66(b) (emphasis added). Similarly, Pennsylvania Rule of Civil Procedure 4016(b) provides as follows with respect to objections to witness competency:

> Rule 4016. Taking of Depositions. Objections
>
> (b) **Objections to the competency of a witness** or to the competency, relevancy, or materiality of the testimony are not waived by failure to make them before or during the taking of the deposition, **unless the ground of the objection is one which was known to the objecting party and which might have been obviated or removed if made at that time.**

Pa.R.Civ.P. 4016 (emphasis added). Thus, "[i]t is well established that **objections to a witness' competency** to testify at the deposition **are waived if they are not raised before or during the deposition where the ground for the objections are known** to the objecting party." *Wheeler v. Workers' Compensation Appeal Board (Reading Hospital and Medical Center)*, 829 A.2d 730, 735 (Pa. Cmwlth. 2003) (emphasis added) (relying on Rule 4016 in concluding that the claimant waived his objections to the competency of employer's expert testimony where his attorney stated at the deposition that he had no objection to the expert's qualifications or to the admission of his deposition testimony into evidence).

In *Marriott*, this Court addressed the issue of waiver under circumstances where the employer maintained that one of the claimant's treating physicians was not competent to render an expert opinion regarding the claimant's psychological condition because he never reviewed any records from the claimant's treating psychiatrist, and his own records did not address the claimant's depression. *See* 837 A.2d at 630. While the employer had made a written objection to the physician's deposition, stating "an

7

objection to competency based on [the doctor's] area of expertise and specialty," the *Marriott* Court held that "such objections do not have the effect of preserving the argument that [the physician] was not competent to testify because he had not reviewed certain records and created certain records of his own." *Id.* at 631. We determined that the employer failed to preserve this separate and distinct competency issue at all stages of the proceeding and that it was therefore waived.

Here, as detailed above, counsel for Claimant clearly stated at the deposition that he **had no objection to Dr. Wolk's qualifications to testify as an expert or to the admission of his deposition testimony into evidence**. Therefore, because Claimant failed to preserve his objection to Dr. Wolk's competency to testify regarding his psychological condition, the issue is waived.

Further, it is well settled that a claimant may introduce his own evidence during modification proceedings concerning his degree of impairment to challenge the IRE findings made by the performing physician. *Diehl v. Workers' Compensation Appeal Board (I.A. Construction)*, 5 A.3d 230, 245 (Pa. 2010). Here, however, although Claimant had the opportunity to introduce his own evidence regarding his degree of impairment to rebut Dr. Wolk's IRE findings, he offered **no evidence** whatsoever to challenge his application of the AMA Guides or method of calculating his whole-person impairment rating.[4]

---

[4] Moreover, because the argument section of Claimant's brief is unsupported by discussion of pertinent legal authority, his arguments are waived on this basis as well. *See* Pa.R.A.P. 2119, 2101 (requiring that each issue raised on appeal be supported by discussion and analysis of pertinent legal authority and providing that failure to cite any authority in support of contention may result in waiver).

In light of the foregoing, we must conclude that Claimant has waived his challenge to Dr. Wolk's competency to testify. Accordingly, we affirm the order of the Board.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brandon Bonanno,  
               Petitioner

        v.

Rosebud Mining Company  
(Workers' Compensation Appeal  
Board),  
               Respondent

:  
:  
:  
:  
:   No. 1266 C.D. 2024  
:  
:  
:  
:  
:

## ***ORDER***

AND NOW, this 22nd day of July, 2025, the September 10, 2024 order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

_____  
PATRICIA A. McCULLOUGH, Judge