578 A.2d 575

**Deloris A. HEVERLY, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (SHIP N SHORE) Respondents.**

Commonwealth Court of Pennsylvania.

Argued Nov. 17, 1989.

Reargued June 13, 1990.

Decided July 19, 1990.

Nicholas S. Mattise, Munley, Mattise & Kelly, P.C., for petitioner.

Gregory D. Geiss, Dougherty, Mundy, Leventhal & Price, for respondent, Ship N Shore.

Argued before CRAIG and McGINLEY, JJ., and BARBIERI, Senior Judge.

Reargued before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, McGINLEY, SMITH and PELLEGRINI, JJ.

PALLADINO, Judge.

Deloris Heverly (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision denying workmen's compensation benefits to Claimant under Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 411(1) (injury not in the course of employment). We affirm.

Claimant was employed by Ship N Shore/Crystal Brands, Inc. (Employer) as a retail sales clerk. On July 3, 1986, Claimant completed her duties at 5:10 p.m. and left her place of employment to return home. On the way home Claimant discovered that she had left her eye glasses at her place of employment. Claimant completed her trip home, after which she returned to her place of employment to retrieve her eye glasses, arriving at approximately 5:45 p.m. Claimant parked her car in front of the store, and upon exiting her vehicle, tripped and fell in a pot hole, suffering the injuries for which she now claims compensation.

The referee denied compensation based upon the following findings of fact.

7. The claimant returned to the store for the sole purpose of picking up her glasses for her own convenience. The date of July 3, 1986 was the day before a holiday and it is clear from the claimant's testimony she was returning to the store for the purpose of retaining her glasses and not in the furtherance of her employer's business.

8. This Referee finds that at the time claimant slipped and fell on July 3, 1986, she was not furthering her employer's business and was not in the course of her employer's business and her presence was personal and therefore, claimant did not sustain a work-related injury and her claim should be denied.

The Board upheld the denial of benefits concluding that Claimant's injury was not causally related to her employment. Claimant appealed.

On appeal[1] to this court Claimant raises one issue: whether an injury sustained by an employee upon returning to her place of employment, to retrieve her eye glasses which she needed to perform her job, is compensable under the Act.

In *Workmen's Compensation Appeal Board v. United States Steel Corp.*, 31 Pa.Commonwealth Ct. 329, 333, 376 A.2d 271, 273 (1977) we held that:

> Injuries may be sustained in the course of employment in two distinct situations: (1) where the employee, whether on or off the employer's premises, is injured while actually engaged in the furtherance of the employer's business or affairs, or (2) where the employee although not actually engaged in the furtherance of the employer's business or affairs (a) is on the premises occupied or under the control of the employer, or upon which the employer's business or affairs are being carried on; (b) *is required by the nature of his employment to be present on his employer's premises;* and (c) sustains injuries caused by the condition of the premises or by operation of the employer's business or affairs thereon. (Emphasis added.)

Claimant argues that because the injury occurred on the premises of the employer she is entitled to compensation. However, the question is not whether the accident occurred on the employer's premises. The pivotal issue is whether Claimant's presence at the store at 5:45 p.m. was required by the nature of her employment. Claimant argues that because she must use her glasses to perform her job, the retrieval of them was directly connected to her employment. Claimant cites a number of cases which have granted com-

---

**1.** Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Ogden v. Workmen's Compensation Appeal Board (Carolina Freight Carriers Corp.)*, 127 Pa.Commonwealth Ct. 286, 561 A.2d 837 (1989).

pensation when an injury occurs near the time of either the beginning or ending of employment, and the circumstances are not wholly foreign to the employment. We do not find these cases to be applicable.

In *Workmen's Compensation Appeal Board v. Levy*, 23 Pa.Commonwealth Ct. 658, 354 A.2d 7 (1976) this court granted benefits to an employee who was injured on her way to work when she slipped and fell on an icy sidewalk and struck her head on the employer's building. While the court held that an employee need not actually be engaged in the employer's work at the time of the accident, the accident must occur on the premises of the employer at a reasonable length of time either before or after the time fixed for employment to begin or end. *Levy* is limited to those cases when the employee is injured either coming to or leaving the work place. *Levy* does not apply when the employee is returning to the work place after having left following the end of her shift.

In the other cases cited by Claimant, *Fashion Hosiery Shops v. Workmen's Compensation Appeal Board*, 55 Pa.Commonwealth Ct. 465, 423 A.2d 792 (1980), *Port Authority of Allegheny County v. Workmen's Compensation Appeal Board*, 66 Pa.Commonwealth Ct. 393, 444 A.2d 837 (1982), and *Michrina v. Fetzer*, 8 Pa.Commonwealth Ct. 273, 301 A.2d 924 (1973), the party claiming benefits was either on his way to work or leaving work when the injury occurred. In no instance was there a complete departure from the premises and a later return after which the injury occurred, as in the instant case.

We do note the case of *Treski v. Glen Alden Coal Co.*, 126 Pa.Superior Ct. 346, 191 A. 391 (1937) where compensation was granted to a miner who returned after a month's absence to his place of employment to remove his tools and was injured by an explosion. However, the miner was removing his tools at the direction of his employer, and his presence was required at the place of employment at the time the injury occurred. In the case now before this court, Claimant was not retrieving her glasses at the direction of

her employer and was not required to be on the premises at the time the injury occurred.

The principles of law which control the present controversy are set forth in *Dana Corporation v. Workmen's Compensation Appeal Board (Gearhart)*, 120 Pa.Commonwealth Ct. 277, 548 A.2d 669 (1988), *petition for allowance of appeal denied*, 522 Pa. 606, 562 A.2d 828 (1989), *Pypers v. Workmen's Compensation Appeal Board (Baker)*, 105 Pa.Commonwealth Ct. 448, 524 A.2d 1046 (1987), *Harris v. Workmen's Compensation Appeal Board (Willowcrest-Bamberger Nursing Facility)*, 90 Pa.Commonwealth Ct. 483, 496 A.2d 87 (1985) and *Giebel v. Workmen's Compensation Appeal Board*, 41 Pa.Commonwealth Ct. 333, 399 A.2d 152 (1979). In *Giebel* an employee was injured while shopping in her employer's store during her lunch hour. We held that her presence at the time of her injury was not required by the nature of her employment and therefore not compensable.

In *Harris* we denied compensation to an individual whose presence on the premises was not required by his employment. It made no difference whether or not the premises were controlled by the employer.

In *Pypers* we denied compensation to an employee who completed her work duties and then engaged in a private party with friends at her employer's restaurant. Following the party, while leaving the premises, the employee fell on a patch of ice. We concluded that her presence on the premises, at the time of the injury was that of any other patron and accordingly her status as an employee ended when she joined the party.

Finally, in *Dana* we denied compensation to an employee who voluntarily stopped to assist a co-worker start a car, and was on the employer's premises longer than he normally would have been. These cases make it clear that Claimant's presence at employer's premises in the present case was not required by the nature of her employment. It was merely a personal mission.

Accordingly, we affirm the Board.

## ORDER

AND NOW, July 19, 1990, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

McGINLEY and PELLEGRINI, JJ., concur in the result only.