# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Piedmont Airlines, Inc. and New : 
Hampshire Insurance Company : 
c/o Sedgwick Claims Management : 
Services, Inc., : 
                Petitioners : 
                 : 
          v. : No. 468 C.D. 2018
                 : Submitted: July 27, 2018
Workers' Compensation Appeal : 
Board (Watson), : 
                Respondent : 


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI             FILED: August 20, 2018


      Piedmont Airlines, Inc. (Employer) and New Hampshire Insurance Company c/o Sedgwick Claims Management Services, Inc. petition for review of the Workers' Compensation Appeal Board (Board) order affirming a Workers' Compensation Judge's (WCJ) decision that granted Craig Watson's (Claimant) claim petition. The WCA concluded that Claimant sustained a work injury while on the premises for which Employer was responsible. For the following reasons, we affirm.

# I.

The facts are not in dispute. Claimant works as a training supervisor for Employer, training new employees to be gate agents. He is provided with a badge granting him access to certain areas of the Philadelphia International Airport (Airport), including employee parking lots. The Department of Aviation (DOA) issues the badges for which Employer pays a one-time administrative fee to process the background check necessary for the employee to receive the badge.

On February 5, 2016, Claimant was scheduled to work from 8:00 a.m. to 6:30 p.m. His wife drove him to the Bartram Avenue employee parking lot, which is one of two parking lots that are designated for employee parking. The DOA owns, operates and maintains both lots. As he walked through the parking lot towards a shelter to catch an employee shuttle, Claimant slipped and fell on a pile of snow, landing on his right hand at an awkward angle and breaking his right ring finger.

Claimant reported his injury to Employer's human resources department, which referred him to Premier Orthopedics where his right hand was put in a cast. Claimant returned to work the following week but the swelling in his hand made his cast uncomfortable. Employer's workers' compensation (WC) case manager took him off the work schedule and referred him to Michael Rivlin, M.D. (Dr. Rivlin) at the Rothman Institute who performed surgery on his right hand. Claimant initially returned to work the last week of February 2016, but because of continuing pain in his right hand, Dr. Rivlin faxed a doctor's note to the human resources department stating that Claimant was to return home.

In March 2016, Claimant filed a WC claim petition alleging that he had been injured in the course of his employment and seeking temporary partial disability benefits from February 5, 2016, to February 9, 2016, and ongoing temporary total disability benefits beginning on February 10, 2016. Employer issued a notice of WC denial denying that the injury occurred on Employer's premises or that Claimant was in the course and scope of his employment at the time of the injury. On May 31, 2016, Claimant returned to work.

After a hearing, the WCJ found that Claimant's injury arose in the course of his employment because he slipped and fell while walking in an employee parking lot that required an identification card for entry in order to board a bus designated for Airport employees only. The WCJ ordered Employer to pay weekly wage benefits from February 16, 2016, until May 31, 2016, when benefits were suspended because Claimant returned to work.

Employer appealed this decision to the Board, which affirmed, adding that the parking lot was a "reasonable means of access to [C]laimant's workplace" and "was so connected to [Employer's] business as to form an integral part thereof." (Record (R.) Item No. 8, Opinion – Commissioner, p. 4.) This petition for review followed.

## II.

On appeal, Employer argues that the Board erred in finding that Claimant was injured in the course of his employment because Employer did not require Claimant to use the Bartram Avenue parking lot. It also contends that

Claimant's presence in the parking lot was not required because he did not drive to work or park a car in the lot on the date of his injury.[1]

Pursuant to Section 301(c)(1) of the Workers' Compensation Act (Act),[2] the term "injury" refers to:

> [A]n injury to an employe, regardless of his previous physical condition . . . arising in the course of his employment and related thereto, and such disease or infection as naturally results from the injury or is aggravated, reactivated or accelerated by the injury . . . . The term "injury arising in the course of his employment," as used in this article, shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment . . . but shall include all other injuries sustained while the employe is actually engaged in the furtherance of business or affairs of the employer, whether upon the employer's premises or elsewhere, and **shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment.**

---

[1] This Court's standard of review is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. *PPL v. Workers' Compensation Appeal Board (Kloss)*, 92 A.3d 1276 (Pa. Cmwlth. 2014).

[2] Act of June 2, 1915, P.L. 991, *as amended*, 77 P.S. § 411(1).

4

77 P.S. § 411(1) (emphasis added).  Under this provision, where an employee is not directly engaged in the performance of his duties, an injury still may be compensable if the claimant establishes that:  (1) the injury occurred on employer's premises, (2) the claimant's presence thereon was required by the nature of his employment, and (3) the injury was caused by the condition of the premises or by operation of employer's business thereon.  *See US Airways, Inc. v. Workers' Compensation Appeal Board (Bockelman)*, 179 A.3d 1177, 1180 (Pa. Cmwlth. 2018); *U.S. Airways v. Workers' Compensation Appeal Board (Dixon)*, 764 A.2d 635, 640 (Pa. Cmwlth. 2000).

Employer contends that Claimant fails to satisfy the first prong of this test because the injury did not occur on Employer's premises but on DOA's premises.[3]  In construing the term "premises" as contemplated by Section 301(c)(1) of the Act, the determinative question is not who owns or controls the premises but whether the site of the accident is so connected with the employer's business as to form an integral part thereof.  *Epler v. North American Rockwell Corporation*, 393 A.2d 1163, 1166-67 (Pa. 1978).  The critical factor is not the employer's control over the area, but whether the employer caused the area to be used by employees in the performance of their assigned tasks.  *Id.* at 1167.  This Court has held that a reasonable means of access to the workplace is considered an integral part of the

---

[3] Employer also argues that Claimant is not entitled to benefits because he was merely commuting to work.  The general rule is that an employer is not liable to the employee for injuries received off the employer's premises while the employee is traveling to or from work. *Peterson v. Workmen's Compensation Appeal Board (PRN Nursing Agency)*, 597 A.2d 1116, 1119 (Pa. 1991).  This argument, however, does not apply because we find that Claimant was on Employer's premises at the time of his injury.

employer's business, and, therefore, is part of the employer's premises. *Newhouse v. Workmen's Compensation Appeal Board (Harris Cleaning Services, Inc.)*, 530 A.2d 545, 546-47 (Pa. Cmwlth. 1987).

Employer argues that even though its employees can park in the DOA lots, they should not be considered Employer's premises because its employees are not mandated to use the parking lots. However, just because an employee is not required to use the premises, if a means of access is customarily used by employees for ingress and egress, that property can be such an integral part of an employer's business as to be considered part of the employer's premises. *Bockelman*, 179 A.3d at 1181.

In *Bockelman*, the claimant was an employee of US Airways, Inc.,based out of the Airport. The claimant caught an employee shuttle from the exact same employee parking lot on Bartram Avenue and slipped on a spill on the floor of the shuttle bus sustaining an injury. Although US Airways did not mandate that employees use the employee shuttle busses, the shuttle bus was a customary means of ingress and egress for the employees and part of the employer's premises. Similarly, in this case, there is no dispute that the Airport parking lot was a customary means of ingress and egress for its employees, making it part of its premises.

Even if Claimant met the first prong of the test – that the injury occurred on Employer's premises – Employer argues that Claimant was not required to be on the premises where the injury occurred because Claimant did not

6

drive to work that day and, therefore, had no reason to be in the employee parking lot.

However, in *ICT Group v. Workers' Compensation Appeal Board (Churchray-Woytunick)*, 995 A.2d 927 (Pa. Cmwlth. 2010), we considered whether a claimant who sustained an injury from slipping on ice on her employer's premises when leaving for her lunch break was injured within the course of her employment. The employer argued that the nature of her employment did not require her to be present in the parking lot, but rather she chose to be there during her lunch break. We held that the claimant's presence was required because once an employee is on the employer's premises, getting to or leaving the employee's workstation is a necessary part of an employee's employment.

In this case, Claimant was dropped off at the parking lot to board a shuttle bus to arrive at work. In order to do so, Claimant had to walk through the employee lot using his security badge – a badge that only granted *him* clearance to enter the lot, not his wife who had driven him to the lot. Claimant's presence in the parking lot to get the employee shuttle bus was so connected with his employment relationship that it was required by the nature of his employment.

Because Claimant was injured on Employer's premises, his presence was required due to the nature of his employment and the condition of the premises caused the injury, we affirm the Board's decision.

_____
DAN PELLEGRINI, Senior Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Piedmont Airlines, Inc. and New : 
Hampshire Insurance Company : 
c/o Sedgwick Claims Management : 
Services, Inc., : 
                   Petitioners : 
                    : 
          v. : No. 468 C.D. 2018
                    : 
Workers' Compensation Appeal : 
Board (Watson), : 
                   Respondent : 

# **O R D E R**

AND NOW, this 20th day of August, 2018, the Workers' Compensation Appeal Board's order of March 9, 2018, is affirmed.

_____
DAN PELLEGRINI, Senior Judge