ICT GROUP, Petitioner

v.

**WORKERS' COMPENSATION AP-
PEAL BOARD (CHURCHRAY–
WOYTUNICK), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 5, 2010.

Decided May 26, 2010.

William F. Sweeney, Philadelphia, for petitioner.

Thomas More Holland, Philadelphia, for respondent.

BEFORE: McGINLEY, Judge, and BROBSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge BROBSON.

ICT Group (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board), dated October 26, 2009. The Board affirmed the order of a Workers' Compensation Judge (WCJ), granting the claim petition of Eliz-

abeth Churchray–Woytunick (Claimant) based upon the finding that Claimant was injured in the course and scope of her employment as required by Section 301(c)(1) of the Workers' Compensation Act (Act).[1] For the reasons set forth below, we affirm the Board's granting of Claimant's claim petition and remand to the WCJ for proceedings consistent with this opinion.

Claimant worked for Employer as a customer service team leader at Employer's place of business located at 800 Town Center Drive, Langhorne, Pennsylvania (Workplace). The Workplace is located in an office park known as Bucks Town Corporate Campus, where Employer leases multiple buildings. While at work, Claimant parked her car in a parking lot situated between the Workplace and another building leased by Employer. Each workday, Claimant was required to take an unpaid thirty-minute lunch break at a time predetermined by Employer. Claimant was permitted to leave Employer's premises during her lunch break.

On February 16, 2007, Claimant parked her car along the sidewalk in front of the Workplace. At noon, Claimant took her lunch break and walked to her car, intending to leave Employer's premises. While attempting to enter her car, Claimant slipped on ice and fell backwards to the ground. At the time of the fall, Claimant did not believe she was seriously injured and drove her car to an ATM machine located at a nearby supermarket. When exiting her car, Claimant lost control of her bladder. Claimant returned to her car and drove home. Claimant immediately contacted Employer and explained what

had happened. Employer requested Claimant return to work after changing her clothes; however, Claimant had another loss of bladder control and informed Employer she would not be returning to work that day.

On July 23, 2007, Claimant filed a claim petition alleging that she sustained work-related injuries to her back and legs on February 16, 2007, when she slipped on ice in Employer's parking lot. On March 30, 2008, Claimant filed a second claim petition, adding a neck injury. Employer filed timely answers, denying that Claimant sustained a work-related injury.

In support of her petitions, Claimant testified by deposition and presented documentary evidence. Claimant also presented the deposition testimony of Jonathan W. McCullough, D.C. In opposition, Employer presented the testimony of Erin Paglione, Assistant Director of Human Resources, and the deposition testimony of Robert M. Cohen, M.D. The WCJ found the testimony of Claimant and Dr. McCullough to be entirely credible, and found Ms. Paglione's testimony credible to the extent that it did not conflict with the testimony of Claimant and Dr. McCullough. Dr. Cohen's testimony was found credible to the extent that it did not conflict with the testimony of Dr. McCullough.[2]

By decision dated November 25, 2008, the WCJ concluded that Claimant sustained injuries to her back, neck, and legs in the course and scope of her employment. Specifically, the WCJ found that Claimant was injured in the course and scope of employment because she was furthering Employer's business pursuant to

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 411(1).

2. In a workers' compensation case, the WCJ has complete authority over questions concerning credibility, conflicting medical evidence, and evidentiary weight. *Sherrod v. Workmen's Comp. Appeal Bd. (Thoroughgood, Inc.),* 666 A.2d 383, 385 (Pa.Cmwlth.1995).

the "personal comfort doctrine" and, in addition, because she was injured on Employer's "premises." Employer appealed to the Board. By order dated October 26, 2009, the Board affirmed. The Board determined that Claimant was injured in the course and scope of employment because (1) Claimant was injured on Employer's premises, (2) Claimant was required by the nature of her employment to be present where the injury occurred, and (3) Claimant's injuries were caused by a condition of the premises.[3]

■ On appeal,[4] Employer argues that the Board erred in finding that Claimant sustained her injuries in the course of her employment. Employer also argues that the WCJ failed to issue a reasoned decision.[5]

■ We address, first, Employer's contention that the Board erred in finding that Claimant was injured in the course of her employment. Pursuant to Section 301(c)(1) of the Act, an injury is compensable if it "(1) arises in the course of employment and (2) is causally related thereto." *U.S. Airways v. Workers' Comp. Appeal Bd. (Dixon)*, 764 A.2d 635, 640 (Pa. Cmwlth.2000), *allocator denied*, 567 Pa. 753, 788 A.2d 382 (2001). Injuries may arise in the course of employment in two distinct situations:

(1) where the employee is injured on or off the employer's premises, while actually engaged in furtherance of the employer's business or affairs; or (2) where the employee, although not actually engaged in the furtherance of the employer's business or affairs, (a) is on the premises occupied or under the control of the employer, or upon which the employer's business or affairs are being carried on, (b) is required by the nature of his employment to be present on the employer's premises, and (c) sustains injuries caused by the condition of the premises or by operation of the employer's business or affairs thereon.

*Id.*

Employer asserts that Claimant was not injured in the course of her employment because the parking lot at issue was not part of Employer's "premises." Employer contends the parking lot was not part of Employer's "premises" because Employer neither owns nor leases the parking lot and because Employer shares the parking lot with all other tenants of Bucks Town Corporate Campus. Employer further argues that the parking lot was not part of Employer's "premises" because use of the parking lot was optional and Employer's employees had a number of public transportation options at their disposal. We disagree.

---

3. Having so determined, the Board did not address the issue of whether Claimant was injured while in furtherance of Employer's business pursuant to the "personal comfort doctrine."

4. This Court's scope of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether rules of administrative procedure have been violated, whether an error of law has been committed, or whether constitutional rights have been violated. *Thompson v. Workers' Comp. Appeal Bd. (Cinema Center)*, 981 A.2d 968, 972 n. 4 (Pa.Cmwlth.2009).

5. Although the Board did not address this issue, Employer raised the issue in its appeal to the Board. (Reproduced Record (R.R.) at 129a–30a.) With respect to Employer's Reproduced Record in this appeal, we direct Employer's attention to Rule 2173 of the Pennsylvania Rules of Appellate Procedure, regarding numbering of pages. The version of the Reproduced Record received by the Court lacked specific page numbers, although its table of contents and brief reference specific page numbers within the Reproduced Record.

■ In construing the term "premises" as contemplated by Section 301(c)(1) of the Act, the determinative question is not whether the employer had title to or control over the site of the accident, but rather whether the site of the accident was so connected with the employer's business as to form an integral part thereof. *Epler v. N. Am. Rockwell Corp.*, 482 Pa. 391, 398–99, 393 A.2d 1163, 1166–67 (1978). This Court has held that reasonable means of access to the workplace is considered an integral part of the employer's business, and, therefore, is considered part of the employer's "premises." *Newhouse v. Workmen's Comp. Appeal Bd. (Harris Cleaning Serv., Inc.)*, 109 Pa.Cmwlth.96, 530 A.2d 545, 546–47 (1987), *allocatur denied*, 517 Pa. 627, 538 A.2d 879 (1988); *Schofield v. Workmen's Comp. Appeal Bd. (Ohio Rubber Co.)*, 39 Pa.Cmwlth.282, 395 A.2d 328 (1978).

Here, the parking lot in question was an integral part of Employer's business because it was a reasonable means of access to the workplace. Claimant testified that the parking lot was adjacent to the Workplace and that the location of her fall was only approximately ten feet from the Workplace's entrance. (R.R. 12, 30.) Although Employer shares the parking lot with the other tenants of Bucks Town Corporate Campus, Claimant testified that the portion of the lot closest to the Workplace was "all [Employer's] employees," and, that the front row of spaces—where Claimant's car was parked on February 16, 2007—"was reserved for [Employer's] employees." (R.R. 57.)

Furthermore, the record shows that the parking lot was used in the operation of Employer's business. The parking lot was located between the Workplace and another building housing Employer's operations. Claimant testified that Employer's employees would cross the parking lot to go between Employer's buildings during work hours. (R.R. 13.) In addition, Ms. Paglione testified that, as the Assistant Director of Human Resources, she "would have occasion to go from [the Workplace] to one of the other office buildings that [Employer was] in." (R.R. 102–03.) Therefore, the parking lot was so connected to Employer's business as to form an integral part thereof. Accordingly, Claimant's injuries were incurred on Employer's "premises." [6]

■ Employer also argues that Claimant was not injured in the course of employment because the nature of Claimant's employment did not require her to be present in the parking lot. In support, Employer cites this Court's opinion in *Giebel v. Workmen's Compensation Appeal Board (Sears, Roebuck & Co.)*, 41 Pa. Cmwlth.333, 399 A.2d 152 (1979). In *Giebel*, the claimant's place of work at an engraving machine was located in one part of a building and the employer's retail

6. Employer's argument that the parking lot was not part of Employer's "premises" based on *Ortt v. Workers' Compensation Appeal Board (PPL Services Corp.)*, 874 A.2d 1264 (Pa.Cmwlth.2005), is misplaced, as that case is distinguishable. In *Ortt*, the employer leased parking spaces in a commercial parking lot owned and operated by a third party and gave employees the option of renting a space at a reduced rate. *Ortt*, 874 A.2d at 1265–66. We held that the parking lot was not an integral part of the employer's business because use of the lot was purely optional and employees were responsible for paying for spaces. *Id.* at 1267–68. Significantly, however, the parking lot in *Ortt* was located approximately one block from the employer's building. *Id.* at 1266. In the present case, not only was the parking lot contiguous to the Workplace, the parking lot was situated between the Workplace and another building occupied by Employer. Furthermore, as discussed above, the record demonstrates that the parking lot was used in the operation of Employer's business.

store was located in another. While shopping during her lunch break, the claimant was injured when she slipped and fell in the retail store. Because the claimant was injured in the retail store, this Court held that "she was in a place where her presence was not required by the nature of her employment and her injuries are therefore not compensable." *Giebel*, 399 A.2d at 153. Like the petition in *Giebel*, Employer contends that Claimant's claim petition should be denied because Claimant was injured while she was on her lunch break and in a place where her presence was not required by the nature of her employment. We disagree.

It is well established in Pennsylvania that "any injury occurring to an employee up until the time he leaves the premises of the employer, provided that it is reasonably proximate to work hours, is compensable." *Epler*, 482 Pa. at 397, 393 A.2d at 1166. The rationale behind this rule is that "once an employee is on the [e]mployer's premises, actually getting to or leaving the employee's work station is a necessary part of that employee's employment." *Allegheny Ludlum Corporation v. Workers' Comp. Appeal Bd. (Hines)*, 913 A.2d 345, 349 (Pa.Cmwlth.2006), *allocator denied*, 593 Pa. 757, 932 A.2d 77 (2007). Although this rule is typically applied to situations where the employee is arriving at the workplace to commence the workday, or departing from the workplace at the completion of the workday, we see no reason why this rule should not be applicable to the present situation.

Here, Claimant was required to take her lunch break at a time predetermined by Employer and was permitted to leave Employer's premises. Unlike *Giebel*, where the claimant's injury occurred in an area of the employer's premises wholly unrelated to her employment, Claimant's injury occurred in a parking lot, approximately ten feet from the Workplace, where Claimant parked every workday. Also unlike *Giebel*, where the claimant was already enjoying her lunch break and had taken on the role as shopper in the employer's retail store, Claimant was still in the process of walking from her work station to her car at the time of her injury. Although Claimant was on her "lunch break" for the purposes of Employer's time clock, her presence on Employer's premises remained so connected to the employment relationship that it was required by the nature of her employment. Accordingly, the Board did not err in finding that Claimant was injured in the course of her employment.

■ We address, next, Employer's argument that the WCJ failed to issue a reasoned decision. Section 422(a) of the Act states, in pertinent part, that all parties in a workers' compensation case are "entitled to a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached." 77 P.S. § 834. The decision of a WCJ is "reasoned" if it allows for meaningful appellate review without further elucidation. *Daniels v. Workers' Comp. Appeal Bd. (Tristate Transp.)*, 574 Pa. 61, 76, 828 A.2d 1043, 1052 (2003).

Employer asserts that the WCJ's decision is not "reasoned" because the WCJ failed to state with particularity the injuries sustained by Claimant on February 16, 2007. Specifically, Employer points to the WCJ's Conclusion of Law No. 1, which states that Claimant "suffered an injury to her back, neck, and legs." (R.R. 127.) Employer maintains that this conclusion does not comply with Section 422(a) of the Act because it is vague and requires further elucidation. We agree.

The WCJ's decision provides a summary of the relevant testimony, includes necessary determinations of credibility, and makes findings of facts based on the evidence presented; however, we are unable to determine what specific injuries Claimant sustained to her "back, neck, and legs." Other than the statement in Finding of Fact No. 10 that "Dr. McCullough concluded the Claimant's February 16, 2007, fall at work aggravated the Claimant's pre-existing *cervical stenosis condition,*" and the statement in Finding of Fact No. 11 that quoted Dr. Cohen as saying, "I can't say the slip and fall caused a hundred percent of her problem but it did cause the spinal cord problem," the WCJ's decision speaks in terms of symptomatology and not diagnosis. (R.R. 125–26.) Under the circumstances, Employer is entitled to seek clarification as to what specific injuries Claimant incurred as a result of her slip and fall. Therefore, to the extent that Conclusion of Law No. 1 lacks sufficient specificity as to the description, extent, and/or scope of Claimant's specific work-related injuries, the WCJ has failed to issue a "reasoned decision" as required by Section 422(a) of the Act. Thus, we must remand the case to the Board with instruction that it be remanded to the WCJ to determine what specific injuries Claimant sustained. *See Higgins v. Workers' Comp.*

*Appeal Bd. (City of Philadelphia),* 854 A.2d 1002 (Pa.Cmwlth.2004).

Accordingly, we affirm the Board as to the granting of Claimant's claim petition and remand the matter to the Board with direction that the matter be remanded to the WCJ for additional findings of fact or conclusions of law as to the description, extent, and/or scope of the specific work-related injuries sustained by Claimant.

### ORDER

AND NOW, this 26th day of May, 2010, the order of the Workers' Compensation Appeal Board is hereby affirmed as to the granting of the claim petition, and the matter is remanded to the .Board with direction that the matter be remanded to the WCJ for additional findings of fact or conclusions of law as to the description, extent, and/or scope of the specific work-related injuries sustained by Claimant Elizabeth Churchray–Woytunick.

Jurisdiction relinquished.