# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Wegmans Food Markets, Inc., | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1343 C.D. 2017 |
| | : | Argued: September 12, 2018 |
| Workers' Compensation Appeal | : | |
| Board (Tress), | : | |
| | : | |
| Respondent | : | |

BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                    **FILED:  October 10, 2018**

Wegmans Food Markets, Inc. (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed a decision of a Workers' Compensation Judge (WCJ) granting the claim petition filed by Geraldine Tress (Claimant) and ordering Employer to pay disability benefits and medical expenses under the Workers' Compensation Act (the Act)[1] for injuries that Claimant suffered when she fell on a slippery floor in Employer's supermarket where she worked.  For the reasons set forth below, we conclude that Claimant's fall was in the course of her employment because it was caused by a condition of

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

Employer's store and occurred only a few minutes after she clocked out of her work shift and while she was in the process of leaving the store. We therefore affirm.

Claimant was employed by Employer as a part-time cashier in its supermarket working three different positions, front-end cashier, café cashier, and self-checkout cashier. (WCJ Decision Findings of Fact (F.F.) ¶¶4, 12, Reproduced Record (R.R.) at 89a, 91a; Claimant Ex. 2 Claimant Dep. at 5-7, R.R. at 15a-17a.) On April 12, 2016, Claimant worked an 8:00 a.m. to 1:30 p.m. shift as a café cashier. (WCJ Decision F.F. ¶¶5, 12, R.R. at 89a, 91a; Claimant Ex. 2 Claimant Dep. at 8, R.R. at 18a.) When her shift ended at 1:30 p.m., Claimant walked across the store to the time clock, which is at the opposite end of the store from the café, and clocked out and retrieved her purse from her locker. (WCJ Decision F.F. ¶¶5, 12, R.R. at 89a, 91a; Claimant Ex. 2 Claimant Dep. at 8, 10-11, R.R. at 18a, 20a-21a.) Claimant then walked back toward the café area to pick up a hamburger at the pub, which is near the café, on her way out of the store. (WCJ Decision F.F. ¶¶5, 12, R.R. at 89a, 91a; Claimant Ex. 2 Claimant Dep. at 8, 26-27, 33-34, R.R. at 18a, 36a-37a, 43a-44a; Hearing Transcript (H.T.) at 9, R.R. at 70a.) On her way back to the café area a few minutes after clocking out and before reaching the pub, Claimant stepped on a slippery spot on the floor and slipped and fell. (WCJ Decision F.F. ¶¶5, 12, 14, R.R. at 89a, 91a-92a; Claimant Ex. 2 Claimant Dep. at 8-9, 11-12, 27, R.R. at 18a-19a, 21a-22a, 37a; H.T. at 9, R.R. at 70a.)

Earlier in the day while on break, Claimant had ordered the hamburger for her personal consumption to be picked up and paid for when she was leaving for the day. (WCJ Decision F.F. ¶¶5, 12, R.R. at 89a, 91a; Claimant Ex. 2 Claimant Dep. at 8, 11, 24-25, R.R. at 18a, 21a, 34a-35a.) Claimant did not do any shopping or place any orders on her way from the café to clock out or after she clocked out.

2

(WCJ Decision F.F. ¶¶5, 12, R.R. at 89a, 91a; Claimant Ex. 2 Claimant Dep. at 10-11, R.R. at 20a-21a; H.T. at 10, R.R. at 71a.) Claimant was not required by Employer to be in the place that she slipped at the time of her fall because she had clocked out for the day, but the fall was in an area of the store that Claimant passed through when she was required to clock out at the end of her shift. (Claimant Ex. 2 Claimant Dep. at 8-9, 26-28, 32, R.R. at 18a-19a, 36a-38a, 42a.)

Claimant intended to exit the store to go to her car after picking up her hamburger. (WCJ Decision F.F. ¶¶5, 12, R.R. at 89a-91a; Claimant Ex. 2 Claimant Dep. at 25-26, 33-34, R.R. at 35a-36a, 43a-44a.) There is an employee entrance near the time clock, but employees are not required to use that entrance and may leave work through other store entrances, including two main door entrances and an entrance near the pub and café. (WCJ Decision F.F. ¶¶5, 12, R.R. at 89a-91a; Claimant Ex. 2 Claimant Dep. at 25-26, 32-33, 36, R.R. at 35a-36a, 42a-43a, 46a.) Claimant usually used the entrance near the time clock to leave after she clocked out, but sometimes used other entrances to leave the store. (WCJ Decision F.F. ¶¶5, 12, R.R. at 89a-91a; Claimant Ex. 2 Claimant Dep. at 26, R.R. at 36a.)

In her fall, Claimant suffered an open fracture of her left forearm and wrist that required surgery, and she was hospitalized for four days. (WCJ Decision F.F. ¶¶5-7, 12-13, R.R. at 89a-91a.) As a result of this fracture, Claimant was unable to return to her cashier job in 2016. (*Id.* F.F. ¶¶6-7, 12-13, 15, R.R. at 90a-92a; Certified Record Item 12, Claimant Ex. 1, 10/19/16 Physician Note.) Claimant also suffered right knee and right foot pain in her fall, but those injuries resolved without treatment and do not disable her. (WCJ Decision F.F. ¶¶6-7, 12-13, 15, R.R. at 90a-92a.)

3

On May 19, 2016, Claimant filed a claim petition seeking disability benefits for her broken left arm and right knee and foot injuries suffered in her April 12, 2016 fall. Employer issued a Notice of Compensation Denial and filed a timely answer to the claim petition denying that Claimant's injury occurred in the course of her employment. The WCJ held a hearing on the claim petition at which Claimant testified and also received testimony from Claimant by deposition. The parties stipulated that Claimant was employed by Employer on the day of her injury, that notice was provided to Employer on the day of injury, and that the only issues in the case were whether Claimant's injury occurred in the course of her employment, the exact diagnosis of Claimant's injury, and the extent of Claimant's disability. (WCJ Decision F.F. ¶2, R.R. at 89a; Claimant Ex. 2 Claimant Dep. at 4-5, R.R. at 14a-15a.) The parties also stipulated that medical evidence could be submitted by report, and Claimant submitted a report of her treating physician. (WCJ Decision F.F. ¶¶2-3, R.R. at 89a; H.T. at 5-6, R.R. at 66a-67a.) No witness other than Claimant testified and Employer did not submit any medical evidence. On December 22, 2016, the WCJ issued a decision granting Claimant's claim petition, ordering that Employer pay Claimant total disability benefits of $132.56 per week from April 13, 2016 based on an average weekly wage of $147.29, and ordering that Employer pay Claimant's medical expenses for her April 12, 2016 left arm and right knee injuries.

Employer filed a timely appeal to the Board in which it contended that the WCJ erred in finding that Claimant's fall occurred in the course of her employment and that the WCJ miscalculated Claimant's average weekly wage and total disability benefit rate. While that appeal was pending, the parties stipulated that the WCJ's average weekly wage and disability benefit rate findings were in error. On September 14, 2017, the Board affirmed the grant of the claim petition

4

and award of disability and medical benefits and, in accordance with the parties' stipulation, modified the WCJ's decision and order to reflect an average weekly wage of $140.57 and weekly disability benefit rate of $121.51 and to award a credit to Employer for overpayments made to Claimant. This appeal followed.[2]

The only issue in this appeal is whether Claimant was in the course of her employment when she fell. A workers' compensation claimant bears the burden of demonstrating that her injuries occurred in the course of her employment. *Kmart Corp. v. Workers' Compensation Appeal Board (Fitzsimmons)*, 748 A.2d 660, 663 (Pa. 2000); *Mackey v. Workers' Compensation Appeal Board (Maxim Healthcare Services)*, 989 A.2d 404, 406 (Pa. Cmwlth. 2010). The question of whether a claimant's injuries were in the course of employment is a question of law fully reviewable by this Court. *Kmart Corp.*, 748 A.2d at 663; *Mackey*, 989 A.2d at 406.

Section 301(c)(1) of the Act provides that injuries in the course of employment include

> injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and … all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment.

---

[2] Our review is limited to determining whether an error of law was committed, whether the WCJ's necessary findings of fact are supported by substantial evidence, or whether Board procedures or constitutional rights were violated. *ICT Group v. Workers' Compensation Appeal Board (Churchray–Woytunick)*, 995 A.2d 927, 930 n.4 (Pa. Cmwlth. 2010).

77 P.S. § 411(1). Thus, an injury is work-related and compensable if either of the following two tests is satisfied: (1) the injury occurred while the claimant was furthering the employer's business; or (2) even if the claimant was not furthering employer's business at the time, (a) the injury occurred on the employer's premises, (b) the claimant was required by the nature of her job to be on those premises, and (c) the injury was caused by a condition of the premises or the employer's operations on the premises. *Kmart Corp.*, 748 A.2d at 663-64; *ICT Group v. Workers' Compensation Appeal Board (Churchray–Woytunick)*, 995 A.2d 927, 930 (Pa. Cmwlth. 2010); *Allegheny Ludlum Corp. v. Workers' Compensation Appeal Board (Hines)*, 913 A.2d 345, 348 (Pa. Cmwlth. 2006).

Claimant's fall occurred on Employer's premises and was caused by a condition of the premises. The second test for course of employment was therefore satisfied and Claimant's fall was in the course of her employment if Claimant was required by the nature of her job to be on the premises. Employer argues that Claimant was not required by her job to be on the premises and was not in the course of her employment because she had clocked out, was not required to be where she fell in order to perform her job or exit the store, and because she was on a personal errand. We do not agree.

The fact that Claimant's shift had ended and that she was not required by Employer to be at the location of her fall at the time that she fell are not determinative of whether she was required by the nature of her job to be on the premises. This element does not require proof that the accident occurred at claimant's work location or that claimant was on duty at the time of the accident. *ICT Group*, 995 A.2d at 929 (claimant's fall on ice in employer's parking lot when she was leaving on her lunch break was within the course of employment). Rather,

6

it is sufficient to satisfy this element if the claimant's presence on the premises at the time of the accident "remained so connected to the employment relationship that it was required by the nature of her employment." *Id.* at 932.

Injuries that occur on the employer's premises while the claimant is coming to or leaving work are in the course of employment if they occur within a reasonable period of time before or after the claimant's work shift. *Epler v. North American Rockwell Corp.*, 393 A.2d 1163, 1164–66 (Pa. 1978) (on-premises accident 20 minutes after the end of the employee's shift was reasonably proximate to work hours and within the course of employment); *Allegheny Ludlum Corp.*, 913 A.2d at 348-50 (accident on employer's premises 20-25 minutes before claimant's shift was in course of employment). "[A]ny injury occurring to an employee up until the time he leaves the premises of the employer, provided that it is reasonably proximate to work hours, is compensable." *Epler*, 393 A.2d at 1165; *ICT Group*, 995 A.2d at 932 (quoting *Epler*). The rationale of this rule is that when the claimant is on the employer's premises, getting to and from her work station is a necessary part of her employment. *ICT Group*, 995 A.2d at 932; *Allegheny Ludlum Corp.*, 913 A.2d at 349.

Here, Claimant's fall occurred when she was on her way out of Employer's store only a few minutes after she clocked out of her work shift. While Claimant was not required by her duties to be in the area where she fell after she clocked out, Claimant was required by her employment as a cashier to work in the store and the fall occurred in an area of the store that she passed through in her work duties on her way to clock out. (Claimant Ex. 2 Claimant Dep. at 8-9, 26-28, 32, R.R. at 18a-19a, 36a-38a, 42a.) While Claimant could have left the store through a different door that was closer to where she clocked out, that does not remove her

7

from the course of employment. *Fashion Hosiery Shops v. Workmen's Compensation Appeal Board (Kurta)*, 423 A.2d 792, 796-97 (Pa. Cmwlth. 1980) (claimant's fall using a less direct entrance to employer's store to start work was in the course of employment where employer permitted employees to use any of three entrances). Employees were permitted by Employer to use any of the four store entrances to exit after work, including the entrance near the pub and café to which Claimant was headed at the time of her fall. (WCJ Decision F.F. ¶¶5, 12, R.R. at 89a-91a; Claimant Ex. 2 Claimant Dep. at 25-26, 32-33, 36, R.R. at 35a-36a, 42a-43a, 46a.) Because her fall occurred on Employer's premises within a reasonable period of time after the end of her shift, her presence on the premises "remained so connected to the employment relationship that it was required by the nature of her employment." *ICT Group*, 995 A.2d at 932.

Employer argues that Claimant was outside the course of employment because she was on a personal errand to pick up a hamburger before leaving the store. This argument likewise fails. Where, as here, the accident occurred on the employer's premises and is caused by a condition of the premises, there is no requirement that the claimant be engaged in furthering the employer's interests for the injury to be compensable. 77 P.S. § 411(1).

Contrary to Employer's assertions, the case law does not support the contention that Claimant's intent to perform a brief personal errand removed her from the scope of employment. The reported opinions of the Pennsylvania Supreme Court and this Court that have denied workers' compensation for injuries while the claimant was on the employer's premises involved situations where the claimant was on the premises for non-work purposes for a lengthy period of time before or after work, where the claimant was engaged in an extended or significant non-work

8

activity while already on a break, or where the injury was not caused by a condition of the premises and the claimant was therefore required to show furtherance of the employer's business at the time of the accident.

In *Morris v. Workers' Compensation Appeal Board (Walmart Stores, Inc.)*, 879 A.2d 869 (Pa. Cmwlth. 2005) and *Pypers v. Workmen's Compensation Appeal Board (Baker)*, 524 A.2d 1046 (Pa. Cmwlth. 1987), the claimants were held not to be in the course of their employment because they went to or stayed at the employer's premises for personal reasons an hour or more outside their work shift. In *Morris*, the claimant was injured while shopping with her daughters in the store where she worked, and she had come to shop several hours before her work shift. 879 A.2d at 870, 872. In *Pypers*, the claimant fell in the parking lot of the restaurant where she worked an hour after her work shift and was still on the premises because she had been partying and dancing in the restaurant after she finished work. 524 A.2d at 1047-49.

In *Giebel v. Workmen's Compensation Appeal Board (Sears, Roebuck & Co.)*, 399 A.2d 152 (Pa. Cmwlth. 1979) and *Kmart Corp.*, the claimants were already on their lunch break, not in the process of coming to or leaving work. In *Giebel*, the claimant, who worked in a part of her employer's building separate from its retail store, was injured while shopping in the retail store on her lunch break; the Court held she was not in the course of her employment because she was on her lunch break and she did not work in the retail store. 399 A.2d at 153. In *Kmart Corp.*, the claimant was not only on her lunch break eating with her husband at the time of her injury, but her injury was caused by an attack by a non-employee, not a condition of premises. 748 A.2d at 661-62.

In *Wright v. Workers' Compensation Appeal Board (Larpat Muffler, Inc.)*, 871 A.2d 281 (Pa. Cmwlth. 2005), the employee was not in the process of arriving at or leaving work and the injury was caused by a third party, not a condition of the employer's premises. *Id.* at 282-83 (claimant was hit by a car when crossing a public highway on his way to employer's parking lot for personal reasons after he had already clocked in).

This Court's unpublished opinion in *Grice v. Workers' Compensation Appeal Board (Shop Rite)*, (Pa. Cmwlth., No. 449 C.D. 2009 filed July 28, 2009), also argued by Employer, likewise involved facts that are significantly different from this case.[3] In *Grice*, the claimant, who worked in her employer's supermarket as a cashier, was injured picking up a purchase behind the counter of the seafood department on her way out of the store after her shift ended. Slip op. at 1-2, 5. The Court held that the claimant was not in the course of her employment because she had clocked out from her shift and was on a personal errand in an area "where her presence was not required by the nature of her employment." *Id.* at 5-6. While the accident in *Grice* occurred shortly after the claimant clocked out at the end of her shift, the accident did not occur on a pathway toward a store entrance and the evidence was that the claimant's "position as a cashier does not require her presence in the seafood department," *id.* at 5 (emphasis omitted), not merely that the claimant was not required to be in the seafood department after clocking out. Here, in contrast, the accident happened in a part of the store that Claimant traversed in clocking out from her shift and on a route toward a store entrance, not at the pub

---

[3] Because it is an unreported decision, *Grice* is not binding precedent, but is considered by the Court for its persuasive value. 210 Pa. Code § 69.414(a).

where she intended to pick up her personal purchase or in a separate area of the store where she would not be during working hours.

Because Claimant's injury occurred in Employer's store, was caused by a condition of the store, and occurred only a few minutes after her shift ended while she was in the process of leaving the store, her injury was within the course of her employment. Accordingly, we affirm the decision of the Board.

_____
JAMES GARDNER COLINS, Senior Judge

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wegmans Food Markets, Inc.,    :
                                    :
              Petitioner    :
                                    :
                v.            :   No. 1343 C.D. 2017
                                    :
Workers' Compensation Appeal    :
Board (Tress),                  :
                                    :
             Respondent    :

# O R D E R

AND NOW, this 10th day of October, 2018, the order of the Workers' Compensation Appeal Board in the above matter is AFFIRMED.

 

_____
JAMES GARDNER COLINS, Senior Judge