IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Berks Area Regional Transportation   :
Authority,   :
             Petitioner   :
  :
     v.   :    No. 942 C.D. 2023
  :
Thomas Bennett (Workers'   :    Submitted: July 5, 2024
Compensation Appeal Board),   :
             Respondent   :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE LORI A. DUMAS, Judge

OPINION
BY JUDGE McCULLOUGH                FILED: August 21, 2024

In this workers' compensation case, the Berks Area Regional Transportation Authority (Employer) petitions for review of the August 2, 2023 order of the Workers' Compensation Appeal Board (Board), which affirmed in part, and reversed in part, the November 14, 2022 order of Workers' Compensation Judge (WCJ) Anthony Salvino. The WCJ granted the claim petition of Thomas Bennett (Claimant), in which he sought workers' compensation benefits associated with a June 12, 2021 incident that occurred while he was working as a bus operator for Employer. The WCJ granted the claim petition, concluding that Claimant sustained compensable, work-related injuries to his lower back, right hip, and left knee. The Board affirmed.

In this Court, Employer argues that the WCJ's decision was not adequately reasoned with regard to the descriptions of Claimant's injuries. After review, we affirm in part, and reverse in part, the Board's order and remand for further proceedings.

## I.    FACTS AND PROCEDURAL HISTORY

On June 23, 2021, Claimant filed a claim petition in which he alleged that, on June 12, 2021, he sustained injuries to his left knee, lower back, and right hip while opening and closing a gate within the course and scope of his work as a bus operator for Employer. Claimant sought temporary total disability benefits beginning as of June 15, 2021. Employer issued a medical-only Notice of Temporary Compensation Payable (NTCP) on July 3, 2021, which described Claimant's injury as a knee strain or tear. Employer denied Claimant's entitlement to any indemnity benefits.

The WCJ held hearings on the claim petition, at which Claimant submitted his deposition testimony and that of his medical expert, James C. Volpe, D.O. (Dr. Volpe). Claimant also testified live before the WCJ. Relevant to this appeal, Dr. Volpe testified that he conducted a physical examination of Claimant on July 6, 2021. At the time, Claimant was complaining of "constant, sharp, throbbing, and achy-like pain in his right back, his right hip, and his left knee," together with "radicular symptoms in his lower extremities." (WCJ Finding of Fact (FOF) 5(c).) After examining Claimant and performing several tests, Dr. Volpe's "initial assessment was low back pain, a sprain of the ligaments of the lumbar spine, left knee pain, right hip pain, and lumbago with sciatica." (FOF 5(f).) Dr. Volpe noted, however, that he needed additional objective test results to make more specific diagnoses and ordered a nerve study, a magnetic resonance imaging (MRI) scan, and an orthopedic consult. (Volpe Dep. at 14; Reproduced Record (R.R.) at 89a.)

After reviewing the results of the follow-up orthopedic evaluation, Dr. Volpe diagnosed Claimant with "low back pain, sprain of the lumbar spine, pain of the left knee, pain in the right hip[], lumbago with sciatica, and lumbar radiculopathy." (FOF 5(i).) Dr. Volpe explained that his testimony was general in nature because he

2

was waiting for further MRI results before making more specific diagnoses. (FOF 5(j); Volpe Dep. at 30; R.R. at 105a.) *See also* Volpe Dep. at 31; R.R. at 106a ("[W]e don't have all the answers yet regarding the severity of his injuries. I need MRI studies of his knee, of his hip, and of his lumbar spine to determine the severity of these painful symptoms."). Dr. Volpe was not deposed again and did not offer any additional medical opinions identifying or describing Claimant's injuries.

Employer submitted the deposition testimony of its medical expert, Armando Mendez, M.D. (Dr. Mendez), together with the live testimony of its director of operations, Sharon Stephens. Dr. Mendez performed an independent medical examination of Claimant on November 24, 2021, and reviewed Claimant's treatment and test records. After his initial examination, Dr. Mendez believed that Claimant had sustained a left knee sprain and strain as a result of the work incident on June 12, 2021, but no other injuries. Dr. Mendez also believed at the time of his examination that Claimant had fully recovered from the left knee injury. (FOF 10(e)-(f).) Dr. Mendez subsequently reviewed the results from MRI scans taken of Claimant's right hip, lumbar spine, and left knee on December 6, 2021. Based on his review of the MRI results, Dr. Mendez changed his opinion to conclude that Claimant had sustained a meniscal tear in his left knee that "could be" related to the work incident on June 12, 2021. Dr. Mendez did not, however, change his prior opinion that Claimant did not sustain work-related injuries to any other body part. Dr. Mendez did not believe that Claimant was fully recovered from the left knee injury. (FOF 10(g).)

Ms. Stephens testified that, on June 14, 2021, she received a medical report indicating that Claimant could return to modified-duty work. Based on the report, she and one of Employer's dispatchers attempted to call Claimant several times to offer him a modified-duty position. Ms. Stephens testified that she believed the

3

dispatcher talked to Claimant on the telephone and offered him the position, but Claimant did not return to modified-duty work. Ms. Stephens admitted that the modified-duty position was not offered to Claimant in writing.

In his decision, the WCJ credited the testimony of Claimant and Dr. Volpe and dismissed Ms. Stephens' testimony as not credible.[1] The WCJ further found Dr. Mendez's testimony to be less credible than that of Dr. Volpe where the two conflicted. The WCJ found that Claimant "suffers from a left knee injury, a right hip injury, and a low back injury with radiculopathy as a result of the work injury in this matter." (FOF 13(d).) The WCJ similarly concluded as a matter of law that "Claimant has met his burden of proof on the [c]laim [p]etition that he sustained a work-related injury on June 12, 2021[,] in the nature of a left knee injury, a right hip injury, and a low back injury with associated radiculopathy." (WCJ Conclusion of Law (COL) 2.) The WCJ accordingly granted the Claim Petition and awarded temporary total disability benefits as of June 13, 2021. (FOF 13(d); COL 2; Order.)

Employer appealed to the Board, arguing, *inter alia*, that the WCJ's decision was not supported by substantial evidence and that the WCJ's findings as to the description of Claimant's injuries were general and not adequately reasoned. The Board reversed in part and affirmed in part. The Board reversed the WCJ's decision regarding Claimant's right hip injury, concluding that the WCJ's injury description was too general and that Dr. Volpe's testimony in this regard was not competent because it conflicted with Claimant's testimony. The Board otherwise affirmed, concluding that the WCJ's findings regarding, and descriptions of, Claimant's lower back and left knee injuries were supported by substantial evidence and were adequately reasoned.

---

[1] The WCJ also found that Employer's purported offer to Claimant of modified-duty work was legally insufficient because Employer did not make the offer in writing, in good faith, or with sufficient detail. (FOF 13(b).)

4

Employer now appeals to this Court, presenting only a single issue for our review. Employer argues that the Board erred in affirming the WCJ's decision regarding Claimant's low back and left knee injuries because the decision was not adequately reasoned with regard to the descriptions of those injuries. Employer requests that we either reverse the Board or, alternatively, remand to the Board for further remand to the WCJ to make more specific findings regarding the descriptions of Claimant's left knee and lower back injuries.

## II. DISCUSSION[2]

### A. Legal Principles

Section 422(a) of the Workers' Compensation Act (Act)[3] provides, in pertinent part, as follows:

> All parties to an adjudicatory proceeding are entitled to a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached. The [WCJ] shall specify the evidence upon which the [WCJ] relies and state the reasons for accepting it in conformity with this section. When faced with conflicting evidence, the [WCJ] must adequately explain the reasons for rejecting or discrediting competent evidence. Uncontroverted evidence may not be rejected for no reason or for an irrational reason; the [WCJ] must identify that evidence and explain adequately the reasons for its rejection.

---

[2] Our review in workers' compensation appeals "is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated." *Columbia County Commissioners v. Rospendowski (Workers' Compensation Appeal Board)*, 286 A.3d 436, 440 n.9 (Pa. Cmwlth. 2022) (quoting *Elberson v. Workers' Compensation Appeal Board (Elwyn, Inc.)*, 936 A.2d 1195, 1198 n.2 (Pa. Cmwlth. 2007)).

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 834.

The adjudication shall provide the basis for meaningful appellate review.

77 P.S. § 834. To satisfy the general reasoned decision requirement,

> a WCJ must set forth the rationale for the decision by specifying the evidence relied upon and reasons for accepting it. In the face of conflicting evidence, the WCJ "must adequately explain the reasons for rejecting or discrediting competent evidence." 77 P.S. § 834. Section 422(a) does not require the WCJ to discuss all of the evidence presented[,] but only to make the findings necessary to resolve the issues raised by the evidence and relevant to the decision. The purpose of a reasoned decision is to spare the reviewing court from having to imagine why the WCJ believed one witness over another and to permit adequate appellate review.

*Department of Corrections-SCI Chester v. Faison (Workers' Compensation Appeal Board)*, 266 A.3d 714, 736-37 (Pa. Cmwlth. 2021) (most internal citations, quotations, and bracketing removed). Generally speaking, a WCJ's decision is well reasoned if it allows for meaningful appellate review without further elucidation. *Daniels v. Workers' Compensation Appeal Board (Tristate Transportation)*, 828 A.2d 1043, 1052 (Pa. Cmwlth. 2003).

We addressed the reasoned decision requirement as it applies to a WCJ's description of a work-related injury in *ICT Group v. Workers' Compensation Appeal Board (Churchray-Woytunick)*, 995 A.2d 927 (Pa. Cmwlth. 2010). In *Churchray-Woytunick*, the claimant filed claim petitions seeking workers' compensation benefits related to a slip-and-fall injury. The WCJ granted the petitions and awarded benefits, concluding generally that the claimant sustained "an injury to her back, neck, and legs." *Id.* at 929, 933. The Board affirmed. *Id.* at 929-30. Before this Court, the employer argued, *inter alia*, that the Board erred in affirming the WCJ's decision because it was

not adequately reasoned as to the description of the claimant's injuries, which the employer contended were vague and required further elucidation. *Id.* at 932.

We agreed with the employer that the WCJ's decision was not adequately reasoned. In so concluding, we noted, in pertinent part, as follows:

> The WCJ's decision provides a summary of the relevant testimony, includes necessary determinations of credibility, and makes findings of facts based on the evidence presented; however, we are unable to determine what specific injuries [the c]laimant sustained to her "back, neck, and legs." Other than the statement . . . that "[the claimant's medical expert] concluded the [c]laimant's February 16, 2007, fall at work aggravated the [c]laimant's pre[]existing cervical stenosis condition," and the statement . . . that quoted [the employer's medical expert] as saying, "I can't say the slip and fall caused a hundred percent of her problem but it did cause the spinal cord problem," the WCJ's decision speaks in terms of symptomatology and not diagnosis. Under the circumstances, the [e]mployer is entitled to seek clarification as to what specific injuries the [c]laimant incurred as a result of her slip and fall. Therefore, to the extent that [the WCJ's decision] lacks sufficient specificity as to the description, extent, and/or scope of the [c]laimant's specific work-related injuries, the WCJ has failed to issue a "reasoned decision" as required by Section 422(a) of the Act. Thus, we must remand the case to the Board with instruction that it be remanded to the WCJ to determine what specific injuries the [c]laimant sustained.

*Id.* (citations omitted).

## B.    Analysis

To begin our analysis, we emphasize the limited scope of this appeal. The parties have not (1) challenged the WCJ's credibility determinations, (2) argued that the WCJ's findings are unsupported by substantial evidence, or (3) questioned the Board's reversal of the WCJ's determination that Claimant sustained a work-related

7

injury to his right hip. Rather, there is only a single issue before the Court, namely, whether the description of Claimant's compensable injuries in the WCJ's findings of fact and conclusions of law are sufficiently specific to be considered adequately reasoned under Section 422(a) of the Act, 77 P.S. § 834. On this question, the Board considered our decision in *Churchray-Woytunick* and found it distinguishable:

> The present matter is distinguishable from [*Churchray-Woytunick*]. First, we note that Dr. Mendez also found an injury to Claimant's left knee in the nature of a meniscus tear and a left knee sprain and strain, as well as [the fact] that [Employer] accepted an injury of a left knee sprain or tear. Thus, while the specific wording used in Finding of Fact [ ] 13(d) may be unspecific, the other findings and evidence of record supports this injury. The low back injury likewise has support in the record. Dr. Volpe diagnosed Claimant with a lumbar spine sprain, lumbago with sciatica, and lumbar radiculopathy. [Dr. Volpe] found positive objective symptoms as well as had an [electromyography] study that confirmed the injury. Additionally, as we have already stated, the WCJ found Claimant's testimony to be credible that moving the heavy gate caused him to have pain in his low back and left knee. Therefore, the WCJ did not err regarding the low back and left knee injuries.

(Board Op., at 9; R.R. at 176a.)

We disagree with the Board's conclusions in this regard for at least two reasons. First, the question presented is not, as the Board's analysis suggests, whether substantial evidence exists in the record to support the WCJ's findings that Claimant sustained work-related injuries to his low back and left knee. The parties have not challenged those findings on appeal. Second, although the WCJ made findings summarizing and crediting portions of the medical testimony presented by the parties, the WCJ makes no reference to that testimony in his description of Claimant's injuries, which absence leaves the parties, future WCJs, and this Court guessing as to the exact

8

injury description that will frame the issues in any subsequent litigation. The WCJ credited the medical testimony of Dr. Volpe and, where not conflicting, the testimony of Dr. Mendez. This credited medical testimony included diagnoses of a sprain of the lumbar spine, lumbago with sciatica, and a left knee meniscal tear. (FOF at 5(i)-(j), 10(g).) Despite crediting this evidence, however, the WCJ described Claimant's left knee and low back injuries in generic terms of "injury" and symptomology (e.g., "radiculopathy") instead of making findings of specific diagnoses. Although there is more medical testimony supporting the WCJ's injury descriptions here than in *Churchray-Woytunick*, we nevertheless must conclude that the WCJ's injury descriptions are too general and lacking in particularity to constitute a reasoned decision—*i.e.*, they will not permit effective review in this or any future proceeding without further elucidation. Although the WCJ's decision otherwise is thorough and reasoned, the parties and this Court should not be left to fashion together a piecemeal injury description from various portions of the WCJ's decision.

Because we conclude that only this narrow aspect of the WCJ's decision is not adequately reasoned, we need not disturb the WCJ's grant of the claim petition or the award of benefits. *Churchray-Woytunick*. Rather, we reverse the Board's order only with regard to the descriptions of Claimant's left knee and low back injuries. We further remand this matter to the Board with instruction that it be further remanded to the WCJ for additional findings of fact and conclusions of law as to the description, extent, and/or scope of Claimant's left knee and low back injuries. The remainder of the WCJ's decision, as either affirmed or reversed by the Board, shall remain intact.

_____
PATRICIA A. McCULLOUGH, Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Berks Area Regional Transportation    :
Authority,    :
         Petitioner    :
   :
      v.    :    No. 942 C.D. 2023
   :
Thomas Bennett (Workers'    :
Compensation Appeal Board),    :
         Respondent    :

## ***<u>ORDER</u>***

AND NOW, this 21ˢᵗ day of August, 2024, the August 2, 2023 Order of the Workers' Compensation Appeal Board (Board) is hereby AFFIRMED in part, and REVERSED in part. The Order is REVERSED with regard to the Board's determination that the Workers' Compensation Judge (WCJ) rendered a reasoned decision as to Thomas Bennett's (Claimant) lower back and left knee injuries. The Order is AFFIRMED in all other respects. This matter is remanded to the Board for further remand to the WCJ with instructions to make additional findings of fact and conclusions of law as to the description, extent, and/or scope of Claimant's left knee and low back injuries.

Jurisdiction relinquished.

_____
PATRICIA A. McCULLOUGH, Judge